**CHENEY CO. v. CUNNINGHAM et al.**

**No. 215.**

District Court, W. D. Pennsylvania.

Oct. 17, 1939.

848

Richard E. Marine, of Pittsburgh, Pa., and Emery, Booth, Holcombe & Miller, of Washington, D. C., for plaintiff.

Stebbins, Blenko & Parmelee, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

February 9, 1939, plaintiff filed a civil action charging defendants with infringement of Patents Nos. 1,715,000; 1,728,955; and 1,939,619—all for metal flashings.

Defendants, in their answer, filed a counterclaim in which in paragraphs 1 to 10 inclusive, they asked a declaratory judgment as to another of plaintiff's patents, i. e., No. 1,871,585, also for metal flashings. Thereafter, plaintiff filed a supplemental complaint charging defendants with infringement of No. 1,871,585.

Plaintiff has now moved to strike paragraphs 1 to 10 inclusive of defendants' answer praying for a declaratory judgment as to Patent No. 1,871,585; and have also asked a bill of particulars as to the charges of unfair competition made in defendants' answer. The defendants have moved to dismiss plaintiff's supplemental complaint.

First, as to plaintiff's motion to dismiss paragraphs 1 to 10 inclusive of defendants' answer asking a declaratory judgment on the validity of Patent No. 1,871,585, in view of the fact that there is now a direct charge of infringement of this patent by defendants made in the supplemental complaint, we can see no useful purpose to be served by entering a declaratory judgment on this patent, as its validity must be passed upon in passing on the charge of infringement made in the supplemental complaint. This motion will be granted.

As to defendants' motion to dismiss the supplemental complaint charging infringement of Patent No. 1,871,585, this will be denied. In our opinion, plaintiff is within its rights in filing a supplemental complaint in this action, so that the entire patent controversy between the parties can be settled at one time. No useful purpose will be served by dismissing the supplemental complaint and then having plaintiff file a separate action charging the defendants with the infringement of this patent.

The defendants may answer the supplemental complaint within twenty days.

And finally, as to plaintiff's motion for bill of particulars, it appears to us that plaintiff is asking for information of an evidentiary nature, and not as to ultimate facts. Certainly, it is particularly within the knowledge of the plaintiff itself as to what assertions, if any, plaintiff has made to architects and others, and knows who those persons are. The motion for bill of particulars will be denied.

Orders may be submitted accordingly.