**TOWN OF TEXHOMA ex rel. VERSLUIS**
**v. NEILD et al.**

**Civ. No. 322.**

United States District Court
W. D. Oklahoma.

July 26, 1943.

740

Chal S. Wheeler, Muskogee, Okl., and L. W. Randolph, Muskogee, Okl., for plaintiff.

Bohanon & Adams, Oklahoma City, Okl., for receiver for Aetna.

VAUGHT, District Judge.

The defendant Federal Savings and Loan Insurance Corporation, receiver for the Aetna Federal Savings & Loan Association (formerly Aetna Building & Loan Association) has filed its motion to strike the supplemental complaint of the plaintiff, and in the event said motion is not sustained, to dismiss said supplemental complaint.

The motion to strike is upon the ground that the supplemental complaint does not "plead facts which constitute a 'supplemental pleading' within Rule 15(d) of the Federal Rules of Civil Procedure [28 U.S. C.A.]."

The supplemental complaint discloses that the original suit is one in which it is sought to foreclose certain paving assessments against town lots in the Town of Texhoma. In one cause of action in the original suit it was sought to foreclose for delinquent and unpaid taxes for the years 1934 to 1938, inclusive. The suit was tried and judgment rendered on March 5, 1941. Thereafter, it was discoverd that the years 1930 to 1933, inclusive, should have been included, but that fact was not discovered until after the judgment had been rendered. There is nothing in the supplemental complaint that would indicate that the same condition did not obtain for the years 1930 to 1933, inclusive, as obtained for the years 1934 to 1938, inclusive, at the time the original cause was filed and at the time the judgment was rendered.

Rule 15(d) of the Rules of Civil Procedure for Federal District Courts, 28 U.S.C. A. as related to supplemental pleadings, is as follows: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

There is a definite limitation in this rule. The transactions, occurrences or events set up in the supplemental pleading

must have happened since the date of the pleading sought to be supplemented, which in this cause would be November 21, 1939. The supplemental pleading discloses on its face that the matters set forth therein occurred January 2, 1934. These matters should have been set up, if overlooked or unknown by counsel when preparing the original complaint, by way of amendment before judgment.

In Berssenbrugge et al. v. Luce Mfg. Co. D.C., 30 F.Supp. 101, the principle was well expressed as follows: "An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause."

In City of Texarkana v. Arkansas Louisiana Gas Co., 306 U.S. 188, 203, 602, 59 S.Ct. 448, 455, 83 L.Ed. 598, it was held:

"Where there is a good cause of action stated in the original bill, a supplemental bill setting up facts subsequently occurring which justify other or further relief is proper."

█ The language comprising the rule is not susceptible to any other construction than that given it in these cases. That is, that the transactions, occurrences or events must have happened since the date of the pleading sought to be supplemented, and by reason of the fact that the supplemental pleading shows on its face that the matters occurred long prior to the date of the original complaint, the motion should be sustained.

█ It, therefore, would be unnecessary to pass upon the motion to dismiss. However, this seems also to have merit. The matters set up in the supplemental pleading are matters that could have been set up in the original complaint and litigated in the hearing that resulted in a judgment for the plaintiff. Under all the authorities such matters thus sought to be litigated in the supplemental pleading are now res judicata.

Proper order consistent with the foregoing opinion may be submitted within five days from this date.