## UNITED STATES v. FORESTAL LAND, TIMBER & RAILWAYS, Limited, et al.

United States District Court
S. D. New York.
March 15, 1945.

Supplemental Opinion March 22, 1945.

Lawrence S. Aspey, New York City, Sp. Asst. to Atty. Gen., for the United States.

White & Case, New York City, for defendant Carl B. Ely.

Willkie, Owen, Otis, Farr & Gallagher, New York City, for defendant Int'l Products Corporation.

Kaye, Scholer, Fierman & Hays, New York City, for defendant Charles J. Vermilye.

Mark W. Norman, New York City, for defendant E. Hope Norton.

Debevoise, Stevenson, Plimpton & Page, New York City, for defendants Tannin Products Corporation & Tannin Corporation.

CAFFEY, District Judge.

I think it plain that, if lawful, it would be desirable and just that Tannin Products Export Corporation be brought into the instant action as a defendant. If the transactions described in the supplemental complaint had occurred after the commencement of the action (on December 20, 1943) it is clear that joining Tannin Export would be lawful, Subdivision (d) of Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; United States v. Bates Valve Bag Corporation, D.C.D.Del., 39 F.2d 162, 165. But some of the events mentioned in the supplemental complaint took place before the original complaint was filed. Does that make any difference? I feel that it does not and that this is true because Sections 5 and 10 of Title 15 of the Anti-Trust laws provide that "Whenever it shall appear to the court before which any proceeding" like the present "may be pending, that the ends of justice require that other parties should be brought before the court, the court may cause them to be summoned." No other condition is requisite. My impression is, therefore, that the date an event transpired is not a contributing, much less a determining, factor. However, no court decision to that effect has been called to my attention by either side. I shall, therefore, not reach a final conclusion until each of the counsel have had opportunity to send me citations to not more than three cases they wish me to read. They may have until

noon of March 21 to leave their lists at my chambers.

It may be that the introduction of a new party may render it fair for some counsel to have an adjournment of the date now set for trial. If so, their applications should go to the calendar judge.

### Supplemental Opinion

If the present application came within subdivision (d) of Rule 15, then plainly events which occurred preceding the filing of the original complaint could not be introduced. Town of Texhoma ex rel. Versluis v. Neild, D.C.W.D.Okl., 9 F.R.D. 739. That is true because in express words the rule limits bringing into a supplemental pleading "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Here, however, the question arises under Sections 5 and 10 of Title 15 of the Anti-Trust laws. In these sections there is no exclusion, as there is in Rule 15, of things that were done preceding the filing of the original complaint. Moreover, the Circuit Court of Appeals for the Second Circuit has unequivocally held that the court has discretion to allow such facts (if relevant, as incontrovertibly they are in the instant case) to be brought in, General Electric Co. v. Alexander, 2 Cir., 280 F. 852, 855-856. As stated in my memorandum of March 15, it is my feeling that making Tannin Products Export Corporation a party would be desirable and just.

Motion granted. Settle order on two days' notice.