H. F. G. CO. v. PIONEER PUB. CO. et al.

No. 46C691.

District Court, N. D. Illinois, E. D.

Oct. 9, 1946.

Thomas C. McConnell, of Chicago, Ill., for plaintiff.

Tenney, Sherman, Rogers & Guthrie, of Chicago, Ill., for Telfer McArthur.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, Ill., for Pioneer Pub. Co.

Sonnenschein, Berkson, Lautman, Levinson & Morse, of Chicago, Ill., for Arthur J. Howard.

William J. Matthews, of Chicago, Ill., for John A. Manley.

Thomas A. Walpole, of Chicago, Ill. (Henry F. Tenney, George E. Howell, Andrew C. Hamilton, and Bennitt E. Bates, all of Chicago, Ill., of counsel), for Lynn S. Snow, Frank M. Pebbles, and M. L. Walpole.

SULLIVAN, District Judge.

Plaintiff, a Delaware corporation, filed herein its complaint in the nature of a derivative action on behalf of the defendant Pioneer Publishing Company, an Illinois corporation, to enforce a secondary right of the stockholders of defendant corporation against its officers and directors. The complaint alleges that the plaintiff "is now and has been at all times hereinafter complained of the owner of 6538 shares of the common stock of Pioneer Publishing Company, an Illinois corporation, defendant herein," and also sets out that "the plaintiff brings this suit as a derivative suit in the right of the defendant corporation Pioneer Publishing Company, an Illinois Corporation, and as a stockholder thereof in behalf of itself and all other stockholders similarly situated."

The complaint then alleges that as a result of a conspiracy among the directors of the corporation, the president, Telfer McArthur, one of the defendants, illegally acquired more than 8000 shares of stock in the corporation at $5 per share, when the same had a market value of $25 per share; and that certain moneys which had been refunded to the corporation as a rebate on the purchase price of materials bought by the corporation were illegally appropriated to McArthur's personal use. The complaint asks for the return of the shares of stock so illegally issued to McArthur, and for an accounting of the amounts refunded as a rebate and illegally appropriated to McArthur's personal use.

Subsequently Fred B. Hovey, an Illinois citizen, and a stockholder of the defendant corporation, was granted leave to intervene

in the instant suit as a party plaintiff, and he thereupon filed his intervention complaint.

Motions to dismiss were filed on behalf of all of the defendants, supported by the affidavit of Telfer McArthur, president of the Pioneer Publishing Company, setting out that plaintiff was not at the time of the filing of the complaint, or at any other time, a shareholder of record in the defendant corporation. The affidavit also sets out a by-law of the defendant corporation regarding registered holders of shares.

Briefs on the motions to dismiss were filed on behalf of all parties in interest, and after the motions were taken under advisement by the court, plaintiff, under Federal Rules of Civil Procedure, rule 15(d), 28 U.S.C.A. following section 723c, filed a motion asking leave to file a supplemental complaint, based on "transactions or occurrences or events which have happened since the date" of filing of the original complaint, a copy of the proposed supplemental complaint accompanying the motion.

Briefs opposing the filing of the supplemental complaint were then filed on behalf of various of the defendants, to which plaintiff filed a reply.

Motions of defendants to dismiss the complaint and the intervening complaint are now before this court for disposition, as well as the motion of plaintiff for leave to file its supplemental complaint.

The proposed supplemental complaint sets out that plaintiff has now become a stockholder of record of defendant corporation by reason of having had 6524 shares of common stock transferred to the name of plaintiff corporation on the books of the Pioneer Publishing Company, this allegation being supported by the affidavit of Gustavus Babson, secretary and treasurer of the plaintiff.

The supplemental complaint further sets out that after the transfer of this stock the Pioneer Publishing Company held its annual meeting of stockholders and that a part of the business to come before the meeting was the election of directors. At this stockholders' meeting plaintiff demanded that the transactions complained of in the original complaint be set aside, and that action be taken disaffirming the illegal issuance of additional shares of stock to Telfer McArthur at the inadequate cost to him. That because of the voting, over plaintiff's protest, of these illegally issued shares of stock in favor of defendants' nominees for directors, five of the defendants were elected as directors, whereas if the illegally issued shares had not been voted, plaintiff, with the shares owned and controlled by it, would have been able to elect three of the directors nominated by it, whereas it was able actually to only elect two directors.

Defendants urge that under Rule 23(b) the complaint in a suit of this nature must aver that the plaintiff was a shareholder in the defendant corporation at the time of the transactions complained of.

Rule 23(b) of the Rules of Civil Procedure provides:

"Secondary Action by Shareholders. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law * * *."

The complaint here under consideration does not allege that plaintiff was a shareholder in the Pioneer Publishing Company at the time of the transactions of which it complains, but rather sets out that it "is now and has been at all times hereinafter complained of the owner of 6538 shares of the common stock of Pioneer Publishing Company."

In Bankers National Corporation v. Barr et al., D.C., 7 F.Supp. 305, plaintiff corporation brought suit in the Southern District of New York on behalf of itself and all stockholders of Northeastern Water Company, a Delaware corporation, a defendant, complaining of improper disposition and waste of corporate assets on the part of Northeastern's officers and di-

rectors. Two of the defendants filed motions to dismiss on the ground that the complaint did not comply with Rule 23(b). In disposing of these motions the district court said:

"The defendants object to the complaint on the ground that it does not comply with Rule 23(b) of the Federal Rules of Civil Procedure, which requires, among other things, that a plaintiff in an action of this type allege that he was a stockholder at the time of the transaction of which he complains.

"In its complaint plaintiff attempts to bring itself within the provision of Rule 23(b) by the following allegation:

" 'Eighteenth: Plaintiff at the time of the transactions heretofore alleged was, continued to be and still is the equitable owner of stock of said Northeastern purchased by it and held through a nominee, and is now also a stockholder of record therein.'

"The moving papers show, and it is not denied by plaintiff, that at the time of the acts complained of it was not a stockholder of record of Northeastern and did not become a stockholder of record until January 8, 1945, when 26 shares of the common stock of Northeastern were transferred to it by one Dorothy Hennessey.

"It appears that Dorothy Hennessey was the registered owner of 550 shares of said stock at the time the actions complained of were alleged to have been committed. Plaintiff, however, states that Dorothy Hennessey was not the real owner of the stock but held it for plaintiff, and merely as plaintiff's nominee. * * *

"In an affidavit filed by her in opposition to these motions she states that the stock so held by her was actually owned by plaintiff and purchased with its funds. It is not necessary to go into the facts in any great detail. There is no dispute of fact which in any way will affect the issue.

"The real issue is whether the complaint is bad or not because of failure to aver that the plaintiff was a shareholder at the time of the transactions of which it complains.

"Admittedly, there is no such allegation in the complaint; but plaintiff argues that the averment that it was the 'equitable owner' of stock of the defendant corporation at the time of the transactions is sufficient compliance with the rule. Defendants dispute this, contending that 'shareholders' in Rule 23(b) means shareholders of record, the legal owners of the shares.

"Rule 23(b) has been interpreted as a rule of procedure to be followed without recourse to state law. Piccard v. Sperry Corp., D.C., 36 F.Supp. 1006, affirmed, 2 Cir., 120 F.2d 328.

"I wrote the opinion in the Piccard case, supra. The Circuit Court affirmed without opinion. I have read over the record in the Circuit Court and I find that the point here at issue was strongly pressed in the briefs before that court.

"I am still of the opinion that Rule 23(b) in so far as it prescribes that the plaintiff must be a shareholder at the time of the transactions of which he complains, presents a rule of procedure and must be applied by this court. The question here, however, it would seem, goes beyond a mere matter of procedure.

"In Gallup v. Caldwell, 3 Cir., 120 F.2d 90, where this very issue was decided, the court held that the question of just what is a 'shareholder' for the purpose of suit is one of substantive law. It was there stated at page 93:

" 'The question is not merely a procedural one, such as whether an action may be maintained by the real party in interest who is not the owner of a legal title (Goodrich, Conflict of Laws, 2d Ed. 1938, 191), but the substantive one whether one who is not a shareholder of record may assert shareholder's rights either on behalf of or against the corporation.' ·

"That holding fits the instant situation and I follow it. This view then poses the additional problem of which state law to apply, New York or Delaware.

"Sec. 61 of the New York General Corporation law is an adoption of Rule 23(b), and it has many times been construed as procedural; (citing cases); and there is some authority for the point that New York

permits suits by an equitable shareholder (citing cases). It seems unlikely, however, that a New York court would apply its own procedural statute in view of the settled rule that problems in connection with the status of shareholders and other related questions are to be determined by the law of the state of incorporation * * *. It would seemingly follow that the main issue here should be resolved in accordance with those general rules. I, therefore, hold that the law of Delaware is determinative.

"There is no case in Delaware which has been brought to my attention or which I have found that deals squarely with the right of an equitable owner of stock to maintain a derivative suit. However, it appears that the attitude of Delaware courts is to construe 'stockholder' as meaning 'registered holder' whenever that point arises.

*　*　*　*　*　*

"From these general principles, I am persuaded that an equitable shareholder may not maintain a suit such as this in Delaware especially when there is no showing of complicity between the legal owner and the directors of the corporation or no other circumstances tending to bar the equitable holder from all relief if permission to sue is not granted. * * *

"Motions granted."

To the same effect is Gallup v. Caldwell, 3 Cir., 120 F.2d 90, cited in the case of Bankers National Corp. v. Barr, supra.

▪ Section 182 of the Restatement of Conflict of Laws states:

"Whether a person is a shareholder or other member of a corporation is determined by the law of the state of incorporation."

Defendant corporation, the Pioneer Publishing Company, is incorporated under the laws of Illinois, and it is therefore necessary to determine whether plaintiff was a shareholder within the meaning of the Illinois law. The Illinois Business Corporation Act of 1933, Sec. 2, Par. 157.2, Ill.Rev. Stat. Chap. 32, provides:

" 'Shareholder' means one who is a holder of record of shares in a corporation."

▪ The Act also provides that only shareholders of record have the right to examine the books and records of an Illinois corporation. If an equitable shareholder may not examine the books and records or inquire into the business affairs of the corporation, it follows that he is barred from maintaining a shareholder's derivative suit, because it is the universal rule that as a condition precedent to the maintenance of such a suit the shareholder must show that he has made or attempted to make some preliminary demand for relief on the officers and directors of the corporation.

▪ The attention of the court is directed to the fact that the law of Illinois, as expressed in the foregoing statute, is carried over into the by-laws of the Pioneer Publishing Company, the affidavit of McArthur in support of the motion to dismiss setting out the particular by-law as follows:

"Registered Holder. The corporation shall be entitled to treat the registered holder of any shares as the absolute owner thereof, and accordingly shall not be bound to recognize any equitable or other claim thereto, or interest therein, on the part of any other person, whether or not it shall have express or other notice thereof, save as expressly provided by the statutes of the State of Illinois."

The case of Chicago, Springfield & St. Louis Ry. Co. v. Martin, 249 Ill.App. 109, hold that all stockholders are bound by the by-laws of corporations of which they are members.

▪ I am of the opinion that under Illinois law in order for plaintiff to maintain a derivative action such as the instant suit, it is necessary that it be a shareholder of record, and that in order to comply with Rule 23(b) the complaint should contain a positive allegation under oath to this effect. Therefore plaintiff in the present action does not qualify under Rule 23(b).

▪ A motion to dismiss supported by evidentiary matter such as is set forth in the affidavits is the proper method of raising the question here involved. In Gallup v. Caldwell, supra [120 F.2d 92], the Circuit Court of Appeals said:

"We are met at the outset by the question whether it was proper for the court below to make a preliminary investigation, which carried it outside of the pleadings, as to the plaintiff's stock ownership. It is to be noted that the question involved is not one going to the jurisdiction of the court. (Citing cases.) The problem which, restated, is whether the Federal Rules of Civil Procedure countenance a 'speaking' motion to dismiss, has been much discussed since the adoption of the Rules. Each side of the question has drawn to it distinguished proponents. Their arguments and reasons are collected in a note in 9 Geo. Wash.L.Rev. 174 (Dec.1940). We think that such procedure should be permitted especially in the kind of situation here presented. See 1 Moore's Federal Practice 645. Despite plaintiff's allegation of stock ownership it is clear that she was not a stockholder whose ownership was registered on the books of the corporation at the time suit was instituted. If record ownership is a prerequisite to the right to bring this action, then it is expedient that the point be decided preliminarily. The alternative would be to sanction discovery and perhaps other pre-trial proceedings likely to be exceedingly burdensome upon both parties only to have the case ultimately dismissed at the trial because of the plaintiff's inability to prove a fundamental but initial point. This would not only be a needless waste of the court's time but it would run counter to the mandate of Rule 1 that the Rules 'be construed to secure the just, speedy, and inexpensive determination of every action.'"

Being of the opinion that under Illinois law plaintiff was not a stockholder at the time it instituted this suit, and therefore has not complied with Rule 23(b) regarding the bringing of a derivative action, defendants' motions to dismiss will be allowed, without prejudice to the bringing of another suit by any stockholder who qualifies under Rule 23(b).

As to the intervening complaint of Fred B. Hovey:

Where the court's jurisdiction is based solely on diversity of citizenship, inability to maintain the suit by the party whose citizenship gives diversity automatically causes a failure of jurisdiction, and the suit therefore should be dismissed. Vol. 1, Cyclopedia of Fed. Procedure, Sec. 84, p. 452.

Because the original plaintiff is unable to maintain the instant suit, and because Hovey, the intervenor, is a citizen of Illinois, and asserts no additional grounds which would give this court jurisdiction, the complaint of the intervenor must also be dismissed.