**H F G CO. v. PIONEER PUB. CO. et al.**

No. 46 C 691.

District Court, N. D. Illinois, E. D.

Dec. 2, 1947.

Thomas C. McConnell, of Chicago, Ill., for plaintiff.

Tenney, Sherman, Rogers & Guthrie and Kirkland, Fleming, Green, Martin & Ellis, all of Chicago Ill., for defendant Pioneer Publishing Company.

Tenney, Sherman, Rogers & Guthrie and Thomas A. Walpole, all of Chicago, Ill., for defendants Lynn S. Snow, F. M. Peebles, and M. L. Walpole.

Righeimer & Righeimer, of Chicago, Ill., for defendant Arthur E. Beeman.

Tenney, Sherman, Rogers & Guthrie and Sonnenschein, Berkson, Lautmann, Levinson & Morse, all of Chicago, Ill., for defendant Arthur J. Howard.

Tenney, Sherman, Rogers & Guthrie, of Chicago, Ill., for defendants John A. Manley, Clara M. Hahn and Telfer MacArthur.

LA BUY, District Judge.

Plaintiff moves for a rule on defendants to answer the complaint and supplemental

complaint. Defendants in opposition to this motion raise two principal arguments (1) that there has been no ruling on its motion to dismiss the complaint for failure to comply with Rule 23(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, filed heretofore before Judge Sullivan, and (2) that there has been no ruling on plaintiff's motion for leave to file a supplemental complaint presented in its motion before Judge Sullivan and which defendants oppose on the ground that it is not a derivative but an individual action. It is asserted that these pending issues be decided by this court before a rule on defendants to answer be considered. Plaintiff in answer to these contentions asserts that the judgment of reversal has foreclosed the defendant from pressing these points before this court.

■ The record shows that the above motions were presented to the District Court, 7 F.R.D. 366, but it was unnecessary to consider them for the reason the court ruled that the complaint did not satisfy Rule 23(b) (1) of the Rules requiring that a derivative stockholders' suit be brought by a "shareholder at the time of the transaction of which he complains." On appeal the Circuit Court of Appeals, 7 Cir., 162 F.2d 536, considered this point alone and ruled that the complaint satisfied this Rule and the Illinois law. While the Statement of Points Relied upon on Appeal may by reading same be held to preserve the second point of defendants' motion under Rule 23(b) (2), it does not appear, and the briefs indicate that the point was not urged or argued as emphasis was directed only to that aspect of the suit concerning plaintiff's status as a shareholder. A judgment of reversal is not an adjudication by the appellate court of any other than the questions discussed and decided. Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788; Chas. Wolff Packing Co. v. Court of Industrial Relations, 267 U.S. 552, 45 S.Ct. 441, 69 L.Ed. 785; General Investment Co. v. Lake Shore & Mich. Southern Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; New York Life Ins. Co. v. Gamer, 9 Cir., 106 F.2d 375, certiorari denied 308 U.S. 621, 60 S.Ct. 294, 84 L.Ed. 518; City of Lincoln v. Harts, 270 Ill. 646, 110 N.E. 912. The opinion of the Circuit Court of Appeals does not indicate that the second part of defendants' motion to dismiss for failure of the complaint to particularize the efforts used by the plaintiff stockholder to cause defendant corporation to bring suit was considered or adjudicated.

■ Rule 23(b) (2) of the Federal Rules of Civil Procedure requires the complaint in a stockholders' suit where no efforts have been made to secure desired action to state the reasons for not making such effort. It recognizes that a request or demand by a stockholder is not necessary if the facts and circumstances are such as clearly show that it would be a mere useless formality. The complaint sets forth sufficient facts to show that the directors or stockholders on whom no demand was made are the parties guilty of the alleged wrongs complained of and that for such reason the demand would have been futile. The allegations that the wrongdoers dominate the directors are held to be sufficient to release the stockholder from the necessity of making a demand since the gesture would be a useless one.

The principal objection which defendant raises to the supplemental complaint is that plaintiff is seeking to "redress an alleged injury that is personal and individual to the complaining stockholder" and is not a right of action which could be maintained by the corporation, which is the essence of the derivative suit set forth in the complaint. The supplemental complaint alleges that certain shares of stock were issued to defendant, Telfer MacArthur and Jerry Sindler without action by the stockholders in derogation of their preemptive rights; that through the alleged control of the defendant, Telfer MacArthur, certain resolutions were defeated at the stockholders' meeting seeking to rescind the issuance of these shares of stock and that ⅔ votes of the stockholders as required by the statutes of Illinois did not concur in the defeat of these resolutions; that the election of the board of directors be declared null and void as obtained through the illegal voting of the allegedly illegally issued stock.

■ Where the object of a suit is to compel a corporation to cancel certain

shares of stock alleged to have been illegally issued, or where issuance is made in derogation of the stockholders' preemptive rights, the action partakes of the nature of an action for enforcement of individual and not corporate rights. Stebbins v. Perry County, 1897, 167 Ill. 567, 47 N.E. 1048. The present supplemental complaint indicates an alleged illegal issuance of stock, the alleged misuse of said stock under the dominance and control of the defendant, and that said issuance was made in derogation of the plaintiff's preemptive rights. It is the opinion of the court that the supplemental complaint alleges individual rights of stockholders rather than any right which a corporation might seek to enforce in a derivative action.

■ It was formerly held that the joinder of a derivative action and an individual action in favor of a stockholder was not allowable on the ground of multifariousness, but a contrary rule now prevails. Individual relief incidental to and based on the same facts upon which the corporate relief is sought may be joined in the same action. Booth v. Greer Inv. Co., D.C.N.D. 1931, 52 F.2d 857, affirmed 10 Cir., 1932, 62 F.2d 321; American Creosote Works, Inc. v. Powell, 5 Cir., 1924, 298 F. 417, certiorari denied 265 U.S. 595, 44 S.Ct. 638, 68 L.Ed. 1198; Jones v. Missouri-Edison Elec. Co., 8 Cir., 1906, 144 F. 765, certiorari denied 229 U.S. 615, 33 S.Ct. 774, 57 L.Ed. 1352. If joinder was permitted in an original complaint before the passage of the new rules, can it be done by a supplemental complaint in view of the interpretation of Rule 15(d) prohibiting introduction of a new cause of action by such pleading?

It is urged by plaintiff that the new rules were designed to give a broader effect to a supplemental bill on the theory that one of the objectives of the new procedure was to lessen litigation by permitting all claims between the parties to be settled in one action. Two recent cases, both patent actions, considered this argument for the extension of the interpretation of Rule 15(d) and in one a new cause of action for infringement of a patent other than that originally sued on was permitted to be raised by supplemental complaint, Cheney Co. v. Cunningham, D.C. Pa., 29 F.Supp. 847, and the other excluded it, Berssenbrugge v. Luce Mfg. Co., D.C.Mo., 30 F.Supp. 101. It must be noted, however, that the particular problem confronting this court in the present action is that not only is a new cause of action stated but by virtue of such new cause of action the capacity of the plaintiff is changed.

■ The alleged injury complained of in the supplemental complaint stems from the same facts which form the basis of the original complaint. It states that because of the alleged fraudulent acts complained of in the first instance certain other injuries occurred subsequent to the filing of the original complaint albeit in a different form. The Federal Rules of Civil Procedure were designed to simplify judicial procedure, to adjudicate all phases of litigation involving the same parties, and to avoid multiplicity of suits. These rules must be liberally construed to give vent to the objectives which prompted their promulgation. A strict interpretation of Rule 15(d) would emphasize the formality of pleading over substance. Where a common point of litigation is presented and the decision of the principal controversy will affect the interests and the rights of the parties to the suit different causes of action may be joined in order to settle the rights of all the parties.

An order has this day been entered granting leave to plaintiff to file the supplemental complaint and defendant is ruled to answer the supplemental and original complaints within thirty days from date hereof.