**GENERAL BRONZE CORPORATION et al.
v. CUPPLES PRODUCTS CORPO-
RATION et al.**

No. 6216.

United States District Court,
E. D. Missouri, E. D.

July 6, 1949.

Haynes & Koenig, of St. Louis Mo., for plaintiffs.

Joseph J. Gravely, of St. Louis, Mo.., Casper W. Ooms, of Chicago, Ill., Thomas S. McPheeters, Sr. and Marion S. Francis, both of St. Louis, Mo., for defendants.

HULEN, District Judge.

Plaintiffs ask permission to file a supplemental complaint under Rule 15(d), Federal Rules of Civil Procedure, 28 U.S.C.A., by which infringement of a patent, granted subsequent to filing the original complaint, is charged against defendant. Defendants resist the move, claiming the supplemental complaint would introduce a new and independent cause of action. It is conceded it does. Should the new pleading be permitted?

The complaint charges defendants with patent infringement and unfair business practices with respect to six letters patent,

the last one issued December 8, 1942. Paragraph 7 of the complaint alleges infringement by making and selling window constructions embodying the inventions patented. The prayer is conventional in such suits. The supplemental complaint has all the characteristics of a patent infringement complaint save that it is headed "supplemental complaint". The only reference in the supplemental complaint to the original complaint is found in paragraph 6 where it is stated the defendants obtained knowledge of the invention described in the supplemental complaint prior to the granting of letters patent through defendant Weimann "who bore the relationship to plaintiff, General Bronze Corporation, as alleged in the original complaint herein". The letters patent were granted June 14, 1949. Infringement is claimed to consist of "using, selling, and offering for sale * * * in connection with their (defendants') 'A-100' windows, window constructions embodying the inventions patented therein".

We think similarity in the original complaint and supplemental complaint may be summarized—each claims infringement of letters patent relating to "windows, window constructions". Further relationship between the two pleadings is not found. Every issue raised by the allegations of the original complaint could be found against the plaintiffs and still a judgment could be rendered for the plaintiffs on the allegations of the supplemental complaint. The contrary is likewise true.

■■■■ The trial court has wide discretion in allowing amendments of and to pleadings. Liberality rather than strictness should be the guide. Even a liberal interpretation will not authorize a supplemental pleading if it does not meet certain requirements laid down by the cases.

■■■■ The case of Berssenbrugge v. Luce Mfg. Co., D. C., 30 F.Supp. 101, a patent case, sustains defendants' position. The supplemental complaint sought to introduce "an act of infringement upon a patent entirely different from that which formed the basis of the original action or complaint". The District Court refused

to permit introduction by supplemental bill of a new cause of action. This case was decided shortly after adoption of the new Federal Rules of Civil Procedure and held the new rule was substantially the same "as its predecessor and its language is clear enough to exclude any thought of a new cause of action". Cheney Co. v. Cunningham, D. C., 29 F.Supp. 847, might appear authority for a contrary ruling. The Cheney case is distinguishable from the Berssenbrugge case. The Cheney case was a patent case in which defendants filed a counterclaim asking for declaratory judgment as to the validity of a patent held by the plaintiff, which patent was not referred to in the complaint. After filing of the counterclaim plaintiff filed a supplemental complaint charging defendants with infringement of the patent which was the subject matter of the counterclaim seeking declaratory judgment. The Court permitted the supplemental complaint. We think there defendants introduced the new subject matter by their counterclaim and should not and were not heard to complain because it was the subject matter of the supplemental complaint. H. F. G. Company v. Pioneer Publishing Co., D.C., 7 F.R.D. 654, would also appear to sustain plaintiffs' position as there a new cause of action was stated in the supplemental complaint. Also the capacity of plaintiffs to sue was changed. But the supplemental complaint stemmed from "the same facts which form the basis of the original complaint". Such a conclusion in the case now before this Court is not apparent from examination of the original complaint and the tendered supplemental complaint. The holding in The H. F. G. Company case is premised on the general proposition that the supplemental pleading is merely a continuation of the complaint, justifying other or further relief than that sought in the original complaint. Bowles v. Senderowitz, D. C., 65 F.Supp. 548; Howard v. Jennings, 8 Cir., 141 F.2d 193; Southern Pac. Co. v. Conway, 9 Cir., 115 F.2d 746. But this rule does not in our opinion permit a party to introduce a distinct new cause of action into the case if the weight of authority is to be followed. Fierstein v. Piper Aircraft

Corp., D. C., 79 F.Supp. 217. The usual office of a supplemental complaint is to set up facts occurring subsequent to the filing of the original complaint which justify other or further relief with respect to the same subject matter as the controversy referred to in the complaint. As we read the pleadings now before us additional and different evidence on behalf of plaintiffs will be required to prove the allegations of the supplemental complaint from that required to prove the allegations of the original complaint. That patent infringements are charged in both the original and supplemental complaints is not sufficient to justify bringing a new and independent cause of action into the case by a supplemental complaint. See Conmar Products Corp. v. Lamar Slide Fastener Corp., D. C., 50 F.Supp. 1019; Ratner v. Paramount Pictures, Inc., D. C., 6 F.R.D. 618; City of Texarkana, Texas v. Arkansas Louisiana Gas Co., 306 U.S. 188, 59 S.Ct. 448, 83 L.Ed. 598; Dugas v. American Surety Co., 300 U.S. 414, 428, 57 S.Ct. 515, 81 L.Ed. 720.

We distinguish Otis Elevator Company v. 570 Building Corp., etc., D. C., 35 F. Supp. 348, and Bellavance v. Frank Morrow Co., Inc., D. C., 2 F.R.D. 9. In the Otis Elevator Company case a supplemental bill was allowed in a patent case after judgment with reference to a patent but for the purpose of showing additional acts of infringement of the patent which was the subject matter of the decree. In the Bellavance case the original complaint charged infringement of a specific letters patent in the manufacture of a bracelet. Subsequently plaintiff acquired letters patent concerning a bracelet and by supplemental bill alleged that defendant was infringing both patents by the same bracelet construction referred to in the original complaint.

It is our conclusion that if plaintiffs desire to litigate the subject matter of the supplemental complaint they should initiate an action to that end. Plaintiffs may then move for consolidation and, if a proper showing is made, such an order will be entered. We believe this practice conducive to orderly procedure and in line with the authorities.