FEDERAL TELEPHONE & RADIO COR-
PORATION v. ASSOCIATED TELE-
PHONE & TELEGRAPH CO. et al.

Civ. A. No. 872.

United States District Court
D. Delaware.

Dec. 7, 1949.

E. Ennalls Berl (Southerland, Berl &
Potter), of Wilmington, Del., Edward D.
Phinney and Paul Kolisch, of New York
City, for plaintiff.

Robert H. Richards and Charles F.
Richards (Richards, Layton & Finger), of
Wilmington, Del., Casper W. Ooms, Har-
ry B. Sutter, Thomas R. Mulroy and
Charles M. Candy (Hopkins, Sutter, Halls,
DeWolfe & Owen), of Chicago, Ill., for
defendants.

RODNEY, District Judge.

Plaintiff instituted this action on May 2, 1946 seeking a declaration under the Federal Declaratory Judgments Act [1] that certain patents owned or controlled by defendants as indicated in a trade-paper advertisement of defendants are invalid and are not infringed by plaintiff's apparatus, systems or assemblies, which apparatus, systems and assemblies are allegedly described in Exhibits 1, 2, 3 and 4 attached to the complaint. The complaint specifies seven patents allegedly owned by defendants which, according to plaintiff, contain "one or more claims finding literal response" in plaintiff's apparatus though none of these claims, it is alleged, if properly construed, would sustain an infringement suit.

The Court of Appeals for this (Third) Circuit determined on June 16, 1948 that a justiciable controversy exists between plaintiff's apparatus and certain of the claims of the seven patents of the defendants specified in the complaint but that no justiciable controversy is established as to any other patents owned or controlled by defendants.[2]

On December 28, 1948 and before Answer filed by defendants, plaintiff moved under Rule 15(d), Federal Rules of Civil Procedure, 28 U.S.C.A., for leave to file a supplemental complaint on the ground that certain transactions, occurrences, and events as stated therein have happened since the date of filing the original complaint on May 2, 1946. The supplemental matter has allegedly all been furnished to defendants pursuant to their motion for production and during the course of depositions taken at their direction.

This case concerns various types of telephone systems and equipment and involves many complexities and intricacies. The crux of the whole question on plaintiff's present motion for leave to supplement its complaint, to part of which motion defendants strenuously object, is the scope or extent to which plaintiff's business was brought into the case by the allegations of the original complaint filed on May 2, 1946.

Defendants argue that part of the supplemental matter would bring into the case whole new telephone systems involving separate and distinct patents and problems and which were not included within the scope of the allegations of the original complaint. Defendants contend that to permit such supplemental matter would be tantamount to allowing a new and distinct cause of action to be brought into the case and would immeasurably burden the court and counsel with years of litigation.

Plaintiff, on the other hand, argues that the systems which defendants declare as new and distinct were in fact within the scope of the original complaint from the very beginning of this suit and that the supplemental matter merely brings up to date the original controversy between the parties so that the whole patent situation relating to modern telephone equipment may be adjudicated in this one suit and a multiplicity of suits thereby be avoided.

Preliminarily, some consideration should be given to Rule 15(d), under which plaintiff seeks to file its supplement.

Rule 15(d) provides: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

■ Rule 15(d) is an adaptation of the former Federal Equity Rule 34, under which the court could permit a supplemental pleading alleging material facts occurring after the original pleading or occurring prior to such pleading when the petitioner was ignorant of them at the time he filed the original pleading.[3] Rule 15(d)

1. Then Section 274d of the Judicial Code, 28 U.S.C.A. § 400, now 28 U.S.C.A. §§ 2201, 2202.

2. Federal Tel. & Radio Corp. v. Associated Tel. & Tel. Co. et al., 3 Cir., 1948, 169 F.2d 1012, certiorari denied 1948, 335 U.S. 859, 69 S.Ct. 133.

3. Former Federal Equity Rule 34 was promulgated in the New Equity Rules of 1912 and superseded the prior existing Equity Rule 57. See Hopkins, New Federal Equity Rules Ann. (2d Ed.1918) pp. 199–200.

provides for supplemental pleading only of transactions, occurrences or events which have happened since the date of the pleading sought to be supplemented. Facts which occurred prior to the date of the original pleading but which were discovered subsequent thereto must now be pleaded under other sections of Rule 15 relating to amendments to pleadings. Town of Texhoma v. Neild, D.C.W.D.Okl.1943, 9 F. R.D. 739, but see United States v. Forestal Land, Timber & Railways, Inc., D.C.S.D. N.Y.1945, 89 F.Supp. 316.

██ Under former Equity Rule 34, a petition to supplement was addressed to the sound discretion of the court, and reversal of the court's action could be had only for an abuse of such discretion. General Inv. Co. v. Lake Shore R. Co., 1922, 260 U.S. 261, 281, 43 S.Ct. 106, 67 L.Ed. 244. Rule 15(d) of the Federal Rules of Civil Procedure likewise contemplates an exercise of discretion on the part of the court. Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, 958.

██ This court has indicated the increased liberality accorded supplemental pleading under the Federal Rules of Civil Procedure. Hearst v. American Newspapers, Inc., et al., D.C.Del.1943, 51 F. Supp. 171, 180; see also Bessemer Inv. Co. v. City of Chester, 3 Cir., 1940, 113 F.2d 571, 578. The most liberal view of supplemental pleading under the Rules has probably been taken in H. F. G. Co. v. Pioneer Pub. Co., D.C.N.D.Ill.1947, 7 F.R. D. 654, where the court permitted a supplemental complaint setting forth a new and distinct cause of action and changing the capacity in which the plaintiff was suing. In that case, however, the events, transactions and occurrences pleaded supplementally constituted injuries growing out of acts which formed the basis of the original complaint. The court's ruling was based upon the liberal construction which is to be accorded the Rules.

In Cheney Co. v. Cunningham et al., D.C. W.D.Pa.,1939, 29 F.Supp. 847, a supplemental complaint asserting a new cause of action for infringement of a patent other than that originally sued upon was allowed, but in Berssenbrugge v. Luce Mfg. Co., D.

C.Mo.,1939, 30 F.Supp. 101, a contrary ruling was made. The court in the latter case obviously felt that Rule 15(d) had failed to liberalize the concept of supplemental pleading.

An examination of many cases involving supplemental pleading under Rule 15(d) clearly indicates that relief under the rule is a discretionary matter depending to a great extent upon the view of the particular court under the peculiar facts of each particular case. As indicated before, this (Third) Circuit has taken an increasingly liberal view toward supplemental pleading. See Hearst v. American Newspapers, Inc., supra.

██ It has long been understood that a supplemental bill, even prior to Rule 15(d), may set forth facts entitling the plaintiff to other and more extensive relief than that sought in the original bill. Sheffield & Birmingham Coal, Iron & R. Co. v. Newman, 5 Cir., 1896, 77 F. 787, 791. Under Rule 15(d) it has been stated that "The very purpose of a supplemental complaint is to enable the plaintiff to plead facts which have accrued since the commencement of the action and which should be litigated with the other matters contained in the original complaint." Conmar Products Corp. v. Lamar Slide Fastener Corp. et al., D.C.S.D.N.Y., 1942, 50 F.Supp. 1019, 1020.

In the last cited case, the supplemental matter with reference to which the above quoted language was used consisted of allegations of continuing infringement of the patent by the defendant since the filing of the original complaint and of infringement of a second patent which had not been involved in the original complaint.

While no formal objection was made in the last cited case to the filing of the supplemental complaint setting forth allegations as indicated above, the defendant did in effect so object by moving for a separate trial of the issues raised in the original complaint before any trial on the issues raised in the supplemental complaint. The court denied the defendant's motion on the ground that a separate trial as requested would thwart the purpose of supplemental

pleading to "bring into the record new facts which will enlarge the kind of relief to which the plaintiff is entitled."[4]

In the instant case plaintiff alleged in its original complaint (Paragraph "5") that it "is engaged in the manufacture and sale of telephone apparatus, including relays, selector and line finder switches, register-sender translators, substation and telephone operator's equipment, and other devices employed in telephone systems of the type known as 'manuel,' 'machine switching' and 'automatic dial,' and has sold and is offering for sale such assemblies of telephone apparatus and systems as may be required by its customers. The most frequently used of said assemblies are set forth in Exhibit 1 attached hereto, and in plaintiff's sales pamphlets which have been widely distributed to the trade, and typical ones of which are attached and marked Exhibits 2, 3 and 4."

In the supplement to its complaint which plaintiff seeks leave to file, it is alleged that "Since filing its complaint herein, plaintiff has been continuing its business of manufacturing, using and selling telephone apparatus as alleged in the complaint, particularly in paragraph '5' thereof, has since the filing of the complaint manufactured, used and/or sold, and intends to continue manufacturing, using and/or selling certain telephone apparatus described and illustrated in the documents listed in Exhibit 5 attached hereto, copies of all said documents having been supplied to counsel for defendants."

Exhibits 2, 3 and 4 attached to the original complaint and referred to in Paragraph 5 thereof are descriptive of and contain illustrations of 7A-2 Rotary, 7D Rotary and PABX Automatic Telephone Systems. These exhibits are alleged in the complaint to be "typical" sales pamphlets which plaintiff has distributed to the trade for the purposes of describing its assemblies.

Exhibit 5 which is attached to the supplemental complaint is a list of drawings of various component parts of different telephone systems which have been contracted for from the plaintiff by various cities and communities.

Defendants concede that the drawings in Exhibit 5 and listed on pages 12 to 36, 60, 61 to 68, and 72 to 76, all inclusive, thereof are concerned with either 7A-2 Rotary or PABX automatic telephone systems and thus may be included in the supplemental complaint, since such systems are involved in the original cause of action stated in the original complaint.[5] Defendants contend that the drawings listed on the remaining pages of Exhibit 5, however, are concerned with either what is known as the Step-by-Step system, the 7J Rotary system, the Toll Ticketing system, or with equipment known as the Automatic Dial Speed Tester and the Direct Reading Traffic Recorder. The defendants contend that none of these latter named systems or equipment was within the scope of the controversy as alleged in the original complaint, and should not now be permitted to be brought into the suit, since they would constitute new and distinct causes of action. Herein lies the crux of defendants' objection.

If the Step-by-Step and the other systems and equipment were within the scope of the original complaint, then defendants' basis for objecting no longer exists.

But even if the systems which defendants say would bring in new and distinct causes of action in fact would do so, the authorities mentioned earlier indicate that such result in itself is not necessarily sufficient to prevent a supplemental complaint. This would seem to be particularly true in a judicial circuit, such as this one, where supplemental pleading is accorded increased liberality. See also, 3 Moore's Federal Practice (2d Ed.) pp. 858-860.

4. See Southern Pac. Co. v. Conway, 9 Cir., 1940, 115 F.2d 746, 750; Popovitch v. Kasperlik, D.C.W.D.Pa.1947, 76 F. Supp. 233; City of Texarkana v. Arkansas Louisiana Gas Co., 1938, 306 U.S. 188, 203, 620, 59 S.Ct. 448, 83 L.Ed. 598.

5. Of course, defendants are hardly in a position to deny that much of the matter listed in Exhibit 5 is relevant to the subject matter of this action, since the matter was supplied to defendants pursuant to discovery proceedings instituted by them and pursuant to the assumption of relevancy.

As pointed out above, the complaint describes generally the business of the plaintiff and alleges that the most frequently used of the plaintiff's assemblies are set forth in Exhibit 1 attached to the complaint and in plaintiff's sales pamphlets of which typical samples are alleged to be Exhibits 2, 3 and 4 attached to the complaint. No question arises as to the latter three exhibits, but the parties do differ over the effect of Exhibit 1.

Exhibit 1 purports to be a rather detailed description of the plaintiff's business, pointing out in various degrees of detail the operation of different types of automatic telephone systems, including systems using Strowger type step-by-step switches. For example, in Exhibit 1 there is a description of the function of line finders and among the various kinds of line finders is listed the "Step-by-Step driven or power driven switches," and later on in Exhibit 1 we find the statement that the "Strowger type step-by-step numerically operated selector switches are well known and, therefore, are not here further illustrated or described, but it is noted that these Strowger type step-by-step switches are equipped with" a various number of technical features which are then described. In other places throughout Exhibit 1 reference is made to the Step-by-Step switches or systems.

 Manifestly Exhibit 1 brings the Step-by-Step system within the scope of the plaintiff's business operations as alleged in the complaint. Being an Exhibit to the complaint, Exhibit 1 is a part thereof for all purposes. Rule 10, Federal Rules of Civil Procedure.

Whether the Step-by-Step system is entirely dissimilar from the 7A-2 Rotary or any other system seems unimportant at this phase of the case. The Step-by-Step and the 7A-2 Rotary are both alleged to be part of plaintiff's business operations in the original complaint, and supplemental matter having reference to either would not necessarily constitute a new or distinct cause of action.

An examination of Exhibit 1 to the complaint to ascertain whether it specifically and expressly mentions the 7J Rotary System, the Toll Ticketing System, the Automatic Dial Speed Tester or the Direct Reading Traffic Recorder does not seem necessary at this point. The complaint clearly and specifically alleges the nature of the plaintiff's business, and such allegations are manifestly broad enough to include these systems and equipment. It seems clear that matters relating to these items should be litigated with the matters contained in the original complaint. In line with the authorities mentioned earlier, I am of the opinion that the whole supplemental complaint should be permitted.

Defendants indicate that if the plaintiff's supplemental complaint is permitted, many complex patents may become involved, since they would be compelled to bring such patents into the case under Rule 13(a), Federal Rules of Civil Procedure. Under the circumstances of course, the court has no way of knowing what results will flow from the granting of leave to file the supplemental complaint, but if the court's discretion should be exercised to allow the filing of the supplemental complaint, then this action should be taken irrespective of any onerous results which may thereby fall upon the court or counsel.

An appropriate order may be submitted.