**SCHICK v. FINCH.**

Civ. 21–488.

United States District Court
S. D. New York.

Feb. 3, 1944.

Abraham Tulin, of New York City, for plaintiff.

Frank Case Hayden, of New York City (Charles H. Tuttle, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

The defendant moves for leave to serve an amended answer. His original answer was served on July 12, 1943. The case has been on the day calendar since January 3, 1944.

The action is by the payee, owner and holder of a promissory note against the maker. The answer pleads, as an affirmative defense and counter claim, that there was a failure of consideration for the note; that the defendant delivered the note as part of the purchase price of certain real property; that plaintiff represented that ownership of the said property entitled one to the "privileges of private beach and pier" [quotes by defendant] and that she would see to it that these rights and privileges were secured to the defendant in the event of his purchase of the property; that in consideration of the defendant's entering into the agreement of purchase and giving his note, plaintiff agreed that she would secure and deliver to defendant "privileges of beach and pier", "a few blocks away" [quotes by defendant]; that defendant relied on these representations; that they were false; and that defendant has been damaged.

The proposed amendment is chiefly intended as a substitute for this defense and counter claim. It alleges misrepresentations on the part of plaintiff to induce the purchase of the property by the defendant and the delivery of the note, but the character of the misrepresentations is quite different. In the proposed amendment defendant alleges that plaintiff represented that the real property was situated within an area known as Sylvan Shore Park; that it was one of a group of parcels of real property the owners of which were eligible and entitled to membership in a certain club, whose members had the right and privilege to use the beach and pier; that if defendant would enter into the contract for the purchase of the real property, plaintiff would see to it that defendant would receive said rights and privileges and that

he would be eligible to membership in said club; that the representations were false, etc.

Examinations before trial had been had of plaintiff, defendant, the attorney who represented the defendant on the real estate contract, the defendant's wife and several other witnesses.

Plaintiff contends that leave to amend should not be granted; that the pre-trial examinations have disproved the allegation of misrepresentation and that the object of the amended answer is to take the ground from under plaintiff's preparation for trial by substituting entirely new issues.

It is undenied that the contract was made early in 1938 and that for some four years thereafter the defendant occupied the purchased premises. The transaction itself was relatively simple. The answer attributed to plaintiff specific misrepresentations. No reason is assigned in the moving papers why the amendment should be allowed except that new counsel has been retained whose opinion it is that the answer should be amended and that certain facts have come to light since the original answer has been served. There is no disclosure how long ago these facts were ascertained nor whether reasonable diligence would not have revealed them sooner. There is nothing on the face of the pleadings nor in the affidavit submitted on this application which discloses any reason why the representations made by plaintiff needed any investigation at all. The original parties to the transaction are the parties to the litigation. If defendant's refusal to pay the note was founded on plaintiff's misrepresentation, he undoubtedly knew wherein he believed the plaintiff to have mis-stated the facts. Surely, he must have articulated them in his mind by the time he served his answer in July, 1943.

■ Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., prescribes a liberal policy in granting leave to amend. A liberal policy does not mean the absence of all restraint. Were that the intention, leave of court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted. The instant case, I believe, falls into such a category. It is made on the very eve of trial. It proposes to change allegations which go to the heart of the issue without assigning an adequate cause for the modification. It is concerned with matters which, if true, must have been within the defendant's knowledge when the controversy arose.

■ It is suggested on behalf of defendant that the new matter is no more than amplification of the defense and counterclaim pleaded in the original answer. Whether the facts newly alleged in the proposed amendment are provable under the original pleadings is a question not within the scope of this decision, being more readily determinable by the trial judge. But even if they are held to be receivable in evidence, it is one thing to receive them as evidence on the issues joined by the present pleadings and quite another thing to have them create new issues. All I now decide is that it has not been shown that, in the interest of justice, the latter should be permitted.

Motion denied.