## FORSTER MUSIC PUBLISHER, Inc., v. FRED FISHER MUSIC CO., Inc.

District Court, S. D. New York.

Aug. 24, 1944.

On Reargument Sept. 11, 1944.

L. Zinke and A. U. Zinke, both of New York City, for plaintiff.

Benjamin Starr, of New York City, for defendant.

KNOX, District Judge.

This is a motion to amend an answer under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The complaint in this case, alleging copyright violations of a song, was filed on October 7, 1942. The answer, filed on October 28, 1942, denied certain allegations in the complaint, and set up as separate defenses, the assignment of the renewal rights owned by one of the heirs of the composers, and the assignment of the renewal rights in the words. Interrogatories and cross interrogatories were served and an examination of the heir was made. These were directed to his assignment of his renewal rights. On May 11, 1943, defendant was permitted to amend his answer so as to allege the failure to file a copy of one assignment in his chain of title. On May 22, 1943, the case was marked off the calendar by stipulation, subject to restoration on notice by either party.

Defendant again moves to amend his answer so as to deny the allegations of the complaint to the effect that the song always has borne a proper copyright notice. Defendant's attorney states that it was not until early this year that he found copies of the song marked with copyright notices for the years 1914, 1915, 1916, and 1917.

Plaintiff objects to the relief sought in that it has prepared the case on the question of ownership of the renewal rights, and that it is too late to tender an issue as to whether the song is now in the public domain. He also objects because defendant, since discovering this evidence, has written letters claiming to own the renewal rights in the song, and is now es-

topped from asserting that the song is in the public domain.

Since the case is marked off the calendar by stipulation with leave to either side to move for trial upon notice, plaintiff will not be prejudiced in preparing to meet the new defense. The question of estoppel should properly be decided by the trial judge when all the facts are before him.

Motion granted.

### On Reargument.

Plaintiff's application for a reargument of defendant's motion to amend its answer to the complaint, and which was decided August 24, 1944, will be denied.

It is suggested that defendant's mere denial of plaintiff's allegation, to the effect that the musical composition in dispute always carried a proper copyright notice, will impose an undue burden on the latter, and that, therefore, the defense should be asserted affirmatively. That this will be the necessary result of a mere denial, and that plaintiff's case will be less onerous if defendant be required to plead an affirmative defense, is difficult to see. On a mere denial of plaintiff's averment of an essential element of the complaint, it will, of course, in the first instance, be required to substantiate the allegation. On an affirmative defense based on the same subject matter, defendant's prima facie case will be complete on introduction into evidence of copies of the composition carrying improper notices. The burden of overcoming this proof will then shift to plaintiff and it will have the duty of satisfactorily explaining how the improper notice came about.

From a practical standpoint, the burden resting upon plaintiff is one and the same, irrespective of the manner in which the defense is pleaded.