RUPE et al. v. ASSOCIATED ELECTRIC CO.

Civil Action No. 353.

District Court, D. Delaware.

Nov. 12, 1946.

---

William S. Potter and David F. Anderson, of Southerland, Berl & Potter, all of Wilmington, Del., for plaintiffs.

James R. Morford, of Marvel & Morford, all of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a motion to amend an answer under Federal Rules of Civil Procedure, rule 15(a), 28 U.S.C.A. following section 723c. The plaintiffs, by the complaint, seek the recovery of certain payments which they allege were made by them, by mistake, and as a consequence of certain allegedly erroneous accounting of the defendant. The original answer denied that any amount was due from the defendant to the plaintiffs or that any amount had been paid by the plaintiffs by mistake.

The defendant contends the amendment merely amplifies the existing defense and sets up, as affirmative defenses, a so-called "acquiescence" and "estoppel" on the part of the plaintiffs.

The plaintiffs contend: (1) That the case has been long at issue, that the defendant has not been diligent and, therefore, that the amendments are not timely; and (2) that the proposed defenses are legally insufficient. Both objections will be briefly considered.

1. Rule 15(a) provides that leave of Court to file an amendment to pleadings "shall be freely given when justice so requires." This Court has held that the rule does not mean that amendments will be allowed regardless of the diligence of a party.

One important factor in the allowance of amendments to pleadings is the prejudice or lack of prejudice to the opposing party. An amendment will not be allowed when its proponent has not been reasonably diligent and the rights of the opposing party will be unduly prejudiced or the trial of the issues unduly delayed. The rule, however, in the absence of prejudice to the opposing party and in the absence of any consequences of delay does contemplate a liberality of judicial discretion. In the present case it is conceded that the amendment, if allowed, would not result in any continuance of the case nor result in any changes in the evidentiary plans of the plaintiffs to their prejudice. Insofar as the foregoing objection is concerned, the amendments should be allowed.

2. The plaintiffs also contend that the amendments are not legally sufficient. Attention must be drawn, however, to the fact that the sole question now before the Court is a motion to amend. It is not the function of the Court to test the sufficiency of pleadings on a motion to amend. The entire matter will be before the Court for trial without a jury and the legal sufficiency of the defenses under the amended answer as well as those under the original answer will then be determined.

Both questions here involved were considered to some extent in Rucienski v. Vanadium Corporation of America (W.D. N.Y. 1943, 6 F.R.D. 313, and Forster Music Publisher Inc. v. Fred Fischer Music Co. Inc., S.D.N.Y. 1944, 6 F.R.D. 314. Both cases arrived at the same result as herein reached.

The motion to amend the answer will be granted.