## UNITED STATES v. L. D. CAULK CO. et al.

### Civ. A. No. 1372.

United States District Court
D. Delaware.
July 6, 1953.

940

---

Julius C. Renniger and James J. Coyle, Trial Attys., of Washington, D. C., Stanley N. Barnes, Asst. Atty. Gen., Marcus A. Hollabaugh, Washington, D. C. and William L. Maher, Philadelphia, Pa., Trial Attys., and William Marvel, U. S. Atty., of Wilmington, Del., for plaintiff.

Louis Finger, Richards, Layton & Finger, of Wilmington, Del., and Charles M. Thomas, of Washington, D. C., for defendant L. D. Caulk Co.

Hugh M. Morris, Morris, Steel, Nichols & Arsht, of Wilmington, Del., for defendant Coe Laboratories, Inc.

Thomas Cooch, Connolly, Cooch & Bove, of Wilmington, Del., for defendants Dental Perfection Co. and Stanley E. Noyes.

RODNEY, District Judge.

This is an action brought under Sec. 4 of the Sherman · Act[1] charging defendant Caulk, with others, of combining and conspiring to restrain and monopolize trade and commerce in the manufacture and sale of certain commodities in violation of Secs. 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. For the purposes of this memorandum the allegations of the complaint are not material save that it is alleged that the actions complained of began about the year 1942 and continued up to and including the date of the filing of the complaint, May. 16, 1951. The defendants filed their respective answers denying generally the principal allegations of the complaint.

The present questions arise from a motion by one of the defendants, L. D. Caulk Co., to file an additional answer. In the motion Caulk seeks to "amend" its answer by adding a new paragraph 26(a) and (b).

Paragraph 26(a) alleges that subsequent to the filing of the complaint, viz., on January 2, 1952, it granted to a named party a non-exclusive, non-assignable license to make, use and sell the product set forth in a designated patent, material in the case, and a copy of the license is attached to the desired supplemental answer.

Paragraph 26(b) sets forth that L. D. Caulk Co., by confirmed letter of March 10, 1953, with an alleged co-conspirator, cancelled an existing provision of a license agreement, material in the case, so that the paragraph referred to has become null and void and without any force and effect. A copy of the confirmed letter allegedly constituting a supplement to the license agreement is attached to the desired supplemental answer.

■ While the motion seeking the additional pleading was entitled a motion to "amend" the answer, yet it seems clear that since the subject matter to be added occurred subsequent to the filing of the original answer, the motion ·should have been framed under Rule 15(d) of the Rules of Civil Procedure, 28 U.S.C., providing for supplemental pleadings. An amended pleading pro tanto supersedes the pleading which it amends while a supplemental pleading stands with the original and adds to it some fact or facts happening after the filing of the pleading to which it is a supplement and which fact or facts are set forth in such supplement.[2]

■ Rule 1 provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Regardless of the name given to the new pleading sought to be filed it will be considered as a motion to file a supplemental answer under Rule 15(d). This court, in Federal Telephone & Radio Corp. v. Associated Telephone & Telegraph Co., D.C., 88 F.Supp. 375, gave its views as to the scope, construction and operation of Rule 15(d). These views will not be here repeated. It is sufficient here to state that it seems from all the authorities that the granting of leave to file a supplemental

1. 15 U.S.C.A. § 4.

2. Bush v. Pioneer Mining Co., 9 Cir., 179 F. 78.

pleading rests in the sound legal discretion of the trial court from a consideration of all the circumstances.

The plaintiff contends that the proposed supplement adds nothing to the original answer and does not relate to a material fact denying any allegation of the complaint and relating to the period 1942–1951. The plaintiff contends that evidence originating or brought into being subsequent to joinder of issue is not admissible for the purpose of disproving an anti-trust violation previously alleged. In short, the plaintiff, while actually or tacitly admitting that transactions happening after the complaint may be considered by the court in connection with the decree to be entered or the equitable relief to be granted, yet insists that such matters are not to be received or considered in connection with an alleged violation of the law at the time the suit was instituted.

The defendant contends the post-complaint transactions set forth in the supplemental pleading are admissible and material. The defendant contends that they are material in showing the intention of the parties and as a basis for a contention that the transactions complained of by the plaintiff having been purged have become moot and are not to be considered by the court. It is contended that unless the supplemental answer is allowed, no testimony can be received as to this matter before a decree itself is being formulated.

■ I am of the opinion that the contentions of neither party should be supported to the fullest extent. I am of the opinion that the plaintiff's case as set out in its complaint will not be affected by the filing of the supplemental answer. The case of the plaintiff as embraced in its complaint cannot be changed by the supplemental answer and the plaintiff compelled, against its consent, to amend its complaint.[3]

I am not to be understood that the filing of the supplemental answer will change the course of the trial. It is my view that the court, upon motion or otherwise, will order the trial to first proceed upon the case as embraced in the complaint and original answer, and after that proceed, if desirable or then determined, to the consideration of the matter raised by the supplemental answer.

■ In this way if the allegations of the complaint have been established there will exist some basis for the consideration of the purging effect of the post complaint matters set out in the supplemental answer and without the establishment of the original complaint no purging effect may be material. In this way prior to the actual determination of the liability of the defendant, such defendant will be given an opportunity to establish a basis for its contention that the subsequent allegedly purging action has made any original action moot. Without the supplemental answer it is difficult to see how this question can be raised. The defendant should have the opportunity to present the question even though a recent decision of the Supreme Court, in U. S. v. W. T. Grant Co., 345 U. S. 629, 73 S.Ct. 894, 897, has held the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case; i. e., does not make the case moot" and "along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct."

Concededly, the court in determining the decree to be entered or the equitable relief to be accorded, may consider post complaint matter. The inclusion of such matter in a supplemental answer may act as a caveat against a decree without consideration of the matter so alleged.

The cases show a general liberal tendency in construing the rules. Sylvania Industrial Corp. v. Visking Corporation, 4 Cir., 132 F.2d 947, was an infringement suit. The plaintiff was found to have misused his patent as of April 3, 1941. The court allowed the filing of a supplemental complaint showing a purging of the misuse after the date of the decision itself.

Leave to file the supplemental answer is granted and an appropriate order may be submitted.

3. Ebel v. Drum, D.C., 55 F.Supp. 186.