George H. COX, also known as George
M. Cox, Plaintiff,

v.

ENGLISH–AMERICAN UNDER-
WRITERS

and

The London & Lancashire Insurance
Company, Ltd., a corporation,
Defendants.

Civ. No. 7037.

United States District Court
N. D. California, N. D.
June 21, 1956.

L. C. Smith, Leander W. Pitman, Redding, Cal., Devlin, Diepenbrock & Wulff, Sacramento, Cal., for plaintiff.

Hauerken, St. Clair & Viadro, by George H. Hauerken, San Francisco, Cal., Kennedy & Caldwell, Redding, Cal., for defendants.

HALBERT, District Judge.

Plaintiff originally brought this action in the Superior Court of the State of California, in and for the County of Shasta, on a fire insurance policy seeking to recover the loss, which he alleges he sustained as the result of a fire. Defendant had the case removed to this Court on the jurisdictional basis of diversity of citizenship. Defendant moved this Court for a summary judgment. Argument on this motion was heard by this Court in due course, and the motion was submitted for decision after counsel, at the Court's request, filed memoranda in support of their positions. Thereafter, on a date subsequent to the submission of the motion for summary judgment, but before a decision had been rendered, plaintiff moved this Court for leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This Court ordered this latter motion submitted, and announced that it would consider and decide both motions at the same time.

The motion for summary judgment, which was made by the defendant, is predicated on the single proposition that there had not been arbitration as to the dispute between the parties as to the actual cash value or the amount of loss, and that such an arbitration by the terms of the insurance policy is a condition precedent to bringing suit on the policy. The proposed supplemental complaint is intended to show that since the filing of the original complaint in this action arbitration has in fact been completed in the manner prescribed by the insurance policy.

Preliminarily, it is to be noted that this Court's decision as to the motion for summary judgment will be determinative of the fate of plaintiff's motion seeking leave to file a supplemental complaint in this case. This is for the reason that even though the granting or refusing of leave to file a supplemental pleading rests in the sound discretion of the trial court, Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, and United States v. L. D. Caulk Co., D.C., 114 F.Supp. 939, a supplemental complaint based upon facts which occurred after the filing of the original complaint cannot be used to cure a complaint which failed initially to state a cause of action. Bonner v. Elizabeth Arden, Inc., 2 Cir., 177 F.2d 703, and Berssenbrugge v. Luce Mfg. Co., D.C., 30 F.Supp. 101. Plaintiff's right to recover must be predicated upon facts in existence at the time the complaint was filed. Bowles v. Senderowitz, D.C., 65 F.Supp. 548, and Porter v. Senderowitz, 3 Cir., 158 F.2d 435. It must therefore follow that if in this case no

cause of action existed at the time the initial complaint was filed, for the reason that a condition precedent to bringing suit had not been satisfied, the supplemental complaint may not be filed to state a cause of action based upon facts occurring subsequent to the filing of the original complaint.

The sole question for this Court to determine in order to reach a decision on the motion for a summary judgment is whether or not arbitration was a condition precedent to bringing this action. The provisions of the California Standard Form Fire Insurance Policy, California Insurance Code, § 2071, which are pertinent to the question before the Court, read as follows:

"Appraisal

"In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand.

\* \* \* \* \* \*

"Suit

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

It has long been the law in California that policy provisions such as those set forth above create a condition precedent to the bringing of a suit on an insurance policy when the amount of value of the loss is in dispute. Old Saucelito Land & Dry Dock Co. v. Commercial Union Assurance Co., 66 Cal. 253, 5 P. 232, and Adams v. South British and National Fire and Marine Insurance Companies, 70 Cal. 198, 11 P. 627. However, arbitration exists as a condition precedent only when there is a failure of the parties to agree as to the amount or value of the loss, and if the insurance

company denies liability on the policy, there is a waiver of arbitration as a condition precedent, since there is then not a dispute as to the amount of the loss, but rather a dispute as to the liability of the company. Farnum v. Phoenix Ins. Co., 83 Cal. 246, 23 P. 869; Jacobs v. Farmers' Mutual Fire Ins. Co., 5 Cal.App.2d 1, 41 P.2d 960, and Bass v. Farmers Mutual Protective Fire Ins. Co., 21 Cal.App.2d 21, 68 P.2d 302. In order for the denial of liability to waive the arbitration condition precedent, and give a right to an immediate cause of action, it must be an unconditional denial, that is, it must be a denial based on something other than a dispute as to the amount of the loss or an objection to the proofs of loss. See: Farnum v. Phoenix Ins. Co., supra; Jacobs v. Farmers' Mutual Fire Ins. Co., supra; Bass v. Farmers Mutual Protective Fire Ins. Co., supra, and 3 A.L.R.2d 409. Some examples of denials of liability by insurance companies, which have been held to waive arbitration as a condition precedent, are: (1) a denial of liability on the basis that the policy did not exist as it had been cancelled two months before the loss, Farnum v. Phoenix Ins. Co., supra; (2) a denial of liability on the basis that the policy had been rendered void by the fraudulent representations of the insured, Jacobs v. Farmers' Mutual Fire Ins. Co., supra; and (3) a denial of liability on the basis that the policy was void in that the insured made misstatements of fact in his application for fire insurance. Bass v. Farmers Mutual Protective Fire Ins. Co., supra. In the above examples, the insurance company did not question the amount or the proof of loss, but rather their complete liability under the policy. The American rule, as it is aptly set forth in 3 A.L.R.2d 409, is "that if the insurance company takes a stand of unconditional or total denial of any liability on the policy itself, the insured may maintain an action thereon notwithstanding there has been no such determination of loss or damage by third persons as required by the 'appraisement' or limited 'arbitration' clause." To summarize on

this point, it may be properly said that the law is that an arbitration clause is a condition precedent to bringing suit when the amount of the loss is in dispute, except in those cases where there is an unconditional denial of liability by the insurance company.

In order to get the course of events leading up to this action in proper perspective, it will be helpful to set forth these events in their chronological order. These events occurred in the following sequence:

January 25, 1953. The fire occurred.

January 26, 1953. The plaintiff notified the defendant's agents of the fire.

March 20, 1953. Preliminary proof of loss was furnished to the defendant on or about this date.

April 29, 1953. John W. Smith, the defendant's adjusting representative, requested an examination of the plaintiff under oath on May 7, 1953, as provided for in the policy.[1]

April 30, 1953. Mr. Smith again wrote to the plaintiff informing him that the preliminary proof of loss was insufficient. At this time it was stated in the letter to the plaintiff that defendant was neither denying nor admitting liability; admitting the amount of the loss; nor waiving any of the conditions of the policy.

June 11, 1953. Action was filed by the plaintiff against the defendant in the Superior Court of the State of California in and for the County of Shasta.

July 17, 1953. Defendant filed an answer in the case filed by plaintiff denying liability on the policy.

November 3–4, 1953. Action was tried in the Superior Court of the State of California in and for the County of Shasta, and on the latter day a non-suit was granted on the ground that the plaintiff had failed to submit to an examination under oath as required by the terms of the policy.

December 21, 1953. Plaintiff offered to appear for examination under oath.

December 23, 1953. Defendant wrote to the plaintiff and invoked the appraisal provisions of the insurance policy, and in this letter defendant appointed its appraiser.

January 7, 1954. Plaintiff was examined under oath in accordance with his offer of December 21, 1953.

January 13, 1954. A supplemental proof of loss was furnished to the defendant at the defendant's request.

January 13, 1954. Plaintiff advised the defendant that he had not received defendant's letter invoking the appraisal provisions of the policy until January 6, 1954, as it was incorrectly addressed,[2] and at this same time, plaintiff appointed his appraiser subject to the condition that liability be admitted by the defendant, or that the loss be paid on or before January 22, 1954, the last day on which plaintiff could file suit to recover his losses without being barred by the terms of the policy.

January 22, 1954. Plaintiff filed this action in the Superior Court of the State of California in and for the County of Shasta.

March 9, 1954. Defendant had this action removed to this Court.

There is no issue in this case as to whether arbitration was completed prior to the filing of the initial complaint since both parties freely admit that while appraisal proceedings had been commenced, the proceedings had not been completed prior to the filing of the complaint by plaintiff.

In opposition to the motion for summary judgment the plaintiff contends: (1) that submission to arbitration was not a condition precedent to bringing suit in this case, as there was no dispute as to the amount of loss in that the insurance company had denied liability on the policy; and (2) that defendant waiv-

1. The plaintiff refused to submit to an examination under oath claiming that he had already been examined.

2. Defendant asserts that the address used on its letter of December 23rd was the address provided to defendant by plaintiff.

ed its right to raise the condition precedent of arbitration as a defense by its failure to demand an appraisal until such a late date that it could not be completed before the expiration of the twelve-month period in which suit was required to be brought by the terms of the policy, and for the further reason that the defendant did not raise this defense until after the expiration of the twelve-month period.

Plaintiff's first contention, namely, that there was no dispute as to the amount of the loss in that there was a denial of liability, is based primarily on the argument that the insurance company denied liability on the policy in their answer to the complaint originally filed by plaintiff in the Superior Court on June 11, 1953, and that liability was denied in the answer to the complaint now before this Court, which complaint was filed in the Superior Court on January 22, 1954. Plaintiff has not cited any case authority in support of his position that a denial of liability in an answer to a complaint constitutes a denial such as would remove the arbitration condition as a precedent to the bringing of a suit on the policy. Furthermore, there does not appear to be any California authority on this point, but available case authority from other jurisdictions is contrary to plaintiff's contention. In 3 A.L.R.2d 416, the authorities there cited hold that a denial of liability by an insurance company, which is raised for the first time in an answer to a complaint, does not constitute a waiver of the condition precedent. None of the cases there cited deal with the precise situation where there was an answer by an insurer to a complaint in a prior suit in which a nonsuit was granted, but there is nothing about this facet of the situation which would seem to call for or justify the application of any different rule from that just cited.

Plaintiff also argues there was no condition precedent as the defendant did not admit liability, and thus the amount of loss was not the only issue in dispute. From the cases which have already been cited in this memorandum it is apparent that there must be some actual and affirmative act of denial of liability before there can be a waiver of a condition precedent, such as is involved in this case. The mere failure to admit liability is not sufficient.

There is nothing in the record which indicates that there was the required denial of liability on the part of the defendant in this case. To the contrary, the defendant made it clear in its letter of April 30, 1953, to the plaintiff, that it was not denying or admitting liability, and that it was not waiving any of the conditions of the policy. By this same letter it was also made clear that the defendant was not satisfied with the plaintiff's proof of loss. Therefore, plaintiff's first contention in opposition to the motion for summary judgment is without merit.

Plaintiff's second contention in opposition to the motion for a summary judgment, namely, that defendant waived its right to raise the defense of arbitration as a condition precedent, is likewise without merit. Both parties to this action accuse the other of dilatory tactics. Viewed from an unbiased standpoint, the conduct of neither party is exactly exemplary, but litigation does not turn on vituperation, so suffice it to here say that plaintiff's main troubles spring from his failure to cooperate with the defendant by promptly complying with the terms of the contract, which he entered into with the defendant. Plaintiff asserts that he was prejudiced by defendant's tardy demand for appraisal proceedings in that such proceedings could not be completed within the period fixed under the terms of the policy for the bringing of a suit on the policy. Under the terms of the policy either party could demand the appraisal proceedings. However, the plaintiff did not do so, even though he should have known from the rejection of his proof of loss (for the reason that it was insufficient) that the amount of loss was in fact in dispute. Furthermore, plaintiff did not submit a supplemental proof of loss until January 13, 1954, some eight months after his original proof of loss was rejected by the defendant. There is no provision in the

policy which obligates either the company or the insured to demand an appraisal before a time certain, and the company could not be reasonably expected to demand an appraisal until the insured had complied with the terms of the policy, which would provide the company with the data from which the company could determine whether an appraisal would be necessary.

Plaintiff argues that there was no condition precedent of arbitration prior to the insurer's demand for appraisal. What he is actually saying is that the demand for appraisal proceedings is a condition precedent to the condition precedent of arbitration. The facts in this particular case answer plaintiff's argument on this point, for even if a demand for appraisal were necessary to invoke the condition precedent of arbitration, the plaintiff cannot avoid the requirement of this condition precedent, since a demand for appraisal was in fact made by the defendant.

Plaintiff has cited Bollinger v. National Fire Ins. Co., 25 Cal.2d 399, 154 P.2d 399, in support of his contention that the defendant, by raising the defense of the condition precedent for the first time after the limitation on the bringing of a further action had run, waived the right to raise the defense. The Bollinger case involved a situation where the complaint had been filed after the statute of limitations had run. The Supreme Court of the State of California held the action was permissible, as under the circumstances the statute of limitations had been suspended or tolled. The circumstances leading to this result were: (1) a prior suit by the plaintiff had been commenced within four months of the fire; (2) the insurance company had requested continuances by which it had delayed the trial of the case; (3) after the time for bringing suit had expired, the insurance company raised, for the first time, the defense that the suit had been premature; and (4) a nonsuit had been granted. The court held that the prior suit had not been premature and that the defendant by causing the delay, and waiting for almost one year to raise the defense that the suit was premature, had waived its right to that defense, and therefore, the statute of limitations was suspended as to the filing of a new complaint.

From a factual standpoint, the Bollinger case is entirely distinguishable from the case now before the Court. In the Bollinger case the insurance company had the opportunity to raise the technical defense that the suit was premature for many months before the expiration of the time within which suit had to be brought. It was only through affirmative acts of the insurance company, namely, the requesting of continuances that the time for bringing suit expired before the insurance company first raised the defense, which, if it had been properly and timely raised, and remained uncured, would have defeated a hearing on the merits. In the case at bar, it is the insured who is primarily, if in fact not entirely, responsible for the delays, which grew out of his conduct in failing to comply with the patent terms of the policy. Furthermore, and perhaps of more importance, the defendant, in the case at bar, did not have the opportunity to raise the defense of the condition precedent for a period of approximately one year prior to the date on which the right to commence the suit expired, as was the situation in the Bollinger case. The situation is entirely different in the instant case, since the company in fact had no opportunity to raise the defense prior to the expiration of the time for the bringing of the suit; the complaint having not been filed by plaintiff until the last possible day before the expiration of the twelve-month period within which the suit could be filed. If, as plaintiff contends, there was no arbitration condition precedent until a demand for appraisal had been made, the defendant could not have raised the defense in the prior action, which action resulted in a nonsuit, as there was no condition precedent of arbitration in existence at that time. Even if arbitration were a condition precedent at the time of the prior suit, a defendant is not required to exert all his defenses at one time, and the de-

fendant is not responsible for the delay that resulted from that trial. The delay in raising the defense of the condition precedent until after the expiration of the time for bringing suit cannot under the facts in this case be attributed to the defendant.

To summarize, it can be fairly said that under the facts in this case, arbitration was a condition precedent to the bringing of the suit, as the amount of the loss was obviously in dispute. There was not a sufficient denial of liability such as would constitute a waiver of this condition precedent, and there was not a waiver of this condition precedent by the raising of the defense of a condition precedent for the first time, after the period within which the suit might be brought, had run. Under the facts of this case and the law applicable thereto, defendant's motion for a summary judgment must be granted, and plaintiff's motion for leave to file a supplemental complaint must be denied.

It is, therefore, ordered that defendant's motion for a summary judgment be granted, and that plaintiff's motion for leave to file a supplemental complaint be denied. Judgment will be entered in this action accordingly.