Virgil G. GARRISON

v.

The BALTIMORE & OHIO RAILROAD COMPANY, a corporation.

Civ. A. No. 13772.

United States District Court
W. D. Pennsylvania.

March 15, 1957.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Mercer & Buckley, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding based on the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., the immediate matter before the court relates to a petition for reconsideration of an order entered by the court which permitted the defendant to file a supplemental answer interposing the affirmative defense of a release on the day fixed for pre-trial. Said release was secured by the defendant approximately sixteen months prior to the date that the petition for leave to file the supplemental answer was presented to the court.

Upon the commencement of pre-trial conference, which I consider in reality the first day of trial, and of which fact counsel for the parties has been repeatedly advised, I entered an order without extended hearing approving the defendant's right to file said supplemental answer. I was of the belief that the allowance of such supplemental pleading should be approved in view of the liberal-

ity generally applicable to the granting of amended pleadings under the Federal Rules of Civil Procedure. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

A most extended and exhaustive pretrial hearing was held, consuming more than one and one-half days, during the course of which, in order to learn the detailed circumstances and reasons as to why the supplemental answer was not presented to the court at an earlier date, the records of each of the parties were reviewed by the court and part of the records of each party which related to the problem were marked as court exhibits and made a part of the record in this proceeding.

In view of the facts and circumstances developed at pre-trial hearing, I am most strikingly impressed and convinced that the court should review the discretion exercised with extreme caution in determining the correctness of the first conclusion reached, due to the extraordinary facts and circumstances which underly the petition to permit the filing of the supplemental answer on the first day of pre-trial.

Well reasoned authorities indicate that the court's discretion under the circumstances which exist should be exercised, using as a basic or major factor all the facts and circumstances which underly the petition for leave to file a supplemental answer.

I must approach the problem with the realization that the law in this Circuit indicates increasing latitude in the matter of supplemental pleadings, but consideration must also be given the fact that relief to be granted relative to supplemental pleadings is a discretionary matter depending to a great extent upon the facts and circumstances of each particular case. Hearst v. American Newspapers, Inc., D.C., 51 F.Supp. 171, 180; Bessemer Inv. Co. v. City of Chester, 3 Cir., 113 F.2d 571, 578; Bowles v. Biberman Bros., 3 Cir., 152 F.2d 700; Federal Tel. & Radio Corp. v. Associated Tel. &

Tel. Co., D.C., 88 F.Supp. 375; United States v. L. D. Caulk Co., D.C., 114 F. Supp. 939; 1 Barron & Holtzoff, Federal Practice and Procedure, Section 446.

The immediate question is whether the court should grant plaintiff's petition to rescind and revoke the order of January 28, 1957, permitting defendant to file a supplemental answer raising the affirmative defenses of release and payment, and to disallow and strike off said answer.

Historically, the complaint was filed September 2, 1955. On September 20, 1955, defendant filed answer to plaintiff's complaint denying negligence of defendant. Ten days thereafter, on September, 30, 1955, defendant's claim agent assigned to said case, without consulting counsel for plaintiff or counsel for defendant, obtained the signature of plaintiff to a document purporting to be a release. A few days later counsel for defendant was apprised of the obtaining of the purported release by defendant's claim agent and shortly afterwards informally notified plaintiff's counsel.

In the interim, from the date that the purported release was executed, said action was placed on the jury list of this member of the court by order of August 15, 1956, a copy of which order and notice was dispatched to defendant's counsel on August 29, 1956.[1] Said case was not called for trial during the Civil Jury Trial Term which was held the weeks of October 8, 15, 22 and 29 and November, 5, 1956, for the reason that counsel for the defendant asked and the court did continue the case generally.

On December 18, 1956, the Clerk of Courts notified counsel that the case had been fixed for trial for the term beginning February 4, 1957, and that a pre-trial conference would be held on January 28, 1957.

It is to be noted that pre-trial procedure as practiced by this court is all inclusive, and contains all the prerequisites of trial itself.[2]

[1] "Order

"And Now, this 15th day of August, 1956, it is Ordered and Directed that the attached list of Civil cases are hereby assigned to the Honorable Wallace S. Gourley for the Jury Trial Terms during 1956 and 1957 at Pittsburgh, Pennsylvania.

"These cases will be called for trial during the above enumerated period. It will be important for attorneys to keep in touch with the Clerk's Office.

"The Clerk of Courts is directed to transmit a copy of this Order of Court and the list of cases to each counsel of record. The order of listing the within cases does not determine the order in which said cases will be tried.

"Counsel will be notified as to the time of pre-trial by the Clerk of Courts. Counsel are directed to be prepared to proceed to trial during the period set forth hereinabove whenever directed, and no continuances will be granted except for cause shown on written Order of Court.

"/Signed/Wallace S. Gourley, CDJ
"Chief Judge"

[2] "Re: Virgil G. Garrison v. Baltimore & Ohio R. R. Company Civil Action No. 13,772

"The above entitled proceeding is hereby fixed for TRIAL BEFORE Judge Gourley for the term beginning February 4, 1957.

"This case will not be continued except for just cause, promptly requested.

"A Pre-Trial Conference will be held on Monday, the 28th day of January, 1957, at 2:00 o'clock P.M.

"In order for the pre-trial to be effective, the court requires that you adhere to the following:

"1. Trial counsel shall be present at all stages of pre-trial.

"(a) In event of failure of trial counsel for the plaintiff to appear at pre-trial, the case shall be continued generally at the expense of counsel for the plaintiff.

"(b) In event of failure of trial counsel for the defendant to appear at pre-trial, the court shall permit the plaintiff to proceed ex parte and enter such further order as in the opinion of the court is deemed appropriate.

"2. If party litigants are individuals, party plaintiffs and defendants shall be present at all pre-trial hearings. If either party is a partnership, association or corporation, the representative of said party who has authority to speak with finality on all aspects of the case shall be present.

In spite of the aforesaid notices and requirements, defendant did not see fit to propose the supplemental answer asserting the affirmative defense of the purported release until January 28, 1957, which was the virtual eve of trial, about sixteen months after its execution. Civil jury trial term was to commence during the week of February 4, 1957 and to continue for five weeks.

Plaintiff objects to the supplemental answer charging that defendant failed to exercise due diligence and/or deliberately and intentionally failed to amend until said belated hour as part of a defense strategy, and that such belated answer works a hardship and prejudice upon plaintiff which militates against equitable principles of justice.

Defendant alleges that the delay in pleading said release was due to an oversight on the part of defendant, and to a misunderstanding by the district counsel at Pittsburgh, and the defendant, as

"3. Counsel shall be prepared at pre-trial to state orally all facts to be presented in support of said parties' claim or defense unless the trial judge notifies the parties to the contrary.

"4. Counsel should be able to state the issues of law involved. Trial briefs on any unusual issue of law may be offered at pre-trial and are solicited.

"5. Counsel shall deliver to their adversary party copies or photostats of all exhibits, documents, plans and photographs, which will be marked or offered as exhibits, at least five days prior to the date fixed for pre-trial hearing. If by reason of the size or bulk of any exhibit it becomes unduly burdensome to comply with said requirement, said party shall advise his adversary party of the nature and type of said documentary evidence, identifying and offering said exhibit at pre-trial.

"6. At pre-trial the parties shall present and have marked the original of said exhibits, documents, plans and photographs, the copies and/or photostats of which have been delivered to the adversary party. If objection exists at the time any exhibit is offered, the basis for the objection shall be stated, and a firm ruling will be entered by the trial judge if oral testimony is not required to formulate a ruling or if, in the opinion of the trial judge, the ruling should be reserved.

"7. All medical reports of any doctor who, to the knowledge of either party, has treated or examined the plaintiff shall be delivered to counsel for the adversary party at least five days prior to the date fixed for pre-trial hearing.

"8. If a party has been hospitalized or institutionalized, at least five days prior to pre-trial written authority shall be given to adversary counsel to examine said hospital record and secure a copy thereof.

"9. If a party desires medical examination of a litigant, such litigant shall be made available for examination to the requesting party at least five days prior to the date of pre-trial hearing.

"10. Should dispute arise between the parties as to any of the matters herein required, the trial judge may, on request being made by the objecting party, resolve the issue or dispute prior to pre-trial hearing. The parties are directed to acquaint the court of such dispute with dispatch in order that the pre-trial judge can be afforded the opportunity to resolve the issue a reasonable time prior to pre-trial.

"11. At pre-trial the parties shall state the names and addresses of all witnesses they expect to call.

"12. All statements made at pre-trial shall be binding on the parties, and may be used at trial for purposes of impeachment to affect credibility of witnesses if testimony is presented at trial which is at variance with or inconsistent with what is stated at pre-trial.

"13. Subsequent to pre-trial, either party by appropriate petition being filed with the court and upon notice to the adversary party, may ask leave of court to be relieved of any statement made at pre-trial for cause shown. The court will then enter such order as the circumstances and justice require.

"It is suggested that counsel meticulously abide by the above pre-trial requirements in order that one party or the other may not suffer substantial prejudice.

"Yours very truly,
James H. Wallace, Jr.
"Clerk

cd
"Enclosure (1) Notice"

to who was to proceed with the preparation of the pleading.

The timeliness of motions to amend depends upon the facts of each case and the legal pantomime in getting the case to issue. Rule 15(a) prescribed a liberal policy in granting leave to amend. Echevarria v. Texas Co., D.C., 31 F.Supp. 596; Rupe v. Associated Electric Co., D.C., 6 F.R.D. 309; Blair v. United States, 8 Cir., 147 F.2d 840; Wilson v. Lamberton, 3 Cir., 102 F.2d 506; Snyder v. Dravo Corp., D.C.W.D. Pa., 6 F.R.D. 546; McNaughton v. New York Central Railroad Co., 7 Cir., 220 F. 2d 835.

Supplemental pleadings have frequently been regarded much the same as amended pleadings although, unlike an amended pleading which supersedes the original, a supplemental pleading adds to the original some matter occurring after the beginning of the action or after a responsive pleading has been filed. Magee v. McNany, D.C., 10 F.R.D. 5. Rule 15(a) of Federal Rules of Civil Procedure, which governs amendment of pleadings by permission of the court provides that leave to amend "shall be freely given when justice so requires" and, by universally accepted principles, this provision too invokes the sound discretion of the court where amendments are pressed after ordinary pleading time has passed. Fli-Fab, Inc., v. United States, D.C., 16 F.R.D. 553; Hirshhorn v. Mine Safety Appliances Co., D.C., 101 F.Supp. 549, affirmed 3 Cir., 193 F.2d 489.

The prescription of a liberal policy toward amendment, however, does not mean the absence of all restraint. Were that the intention, leave of court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted. Schick v. Finch, D.C., 8 F.R.D. 639; Darcy v. North Atlantic & Gulf S. S. Co., D.C., 78 F.Supp. 662; Johnston v. Ouachita Nat. Bank of Monroe, La., 8

Cir., 40 F.2d 604; Cyclopedia of Federal Procedure, 3rd Ed., Vol. 6, page 126.

Because discretion is involved, it is evident that no single factor could be conclusive in every case on the question whether amendments or supplemental pleadings should be allowed, since exercise of discretion fundamentally depends upon a consideration of all circumstances presented in each individual case. However, in all of the decisions which have been examined the factors which have uniformly been treated as of significance are timeliness, excuse for delay and prejudice to the opposite party.

It is conceivable, as defendant's counsel contends, that defendant's claim agent mistakenly believed that a release was not required to be pleaded. In this regard it is well to state that the claim agent in charge of this proceeding on behalf of defendant is a man of great experience and knowledge, having served the defendant in this status for a number of years. I cannot but help conclude he knew his rights and responsibilities under the law in matters of this nature. This court also will take judicial knowledge of the fact that defendant's counsel, who has served during most of the period of the pendency of this action, is a distinguished member of the bar of wide experience in preparation and trial of defendant's cases, and is most ably versed in the procedures and methods of the United States Court, and would be one of the first to assert an affirmative defense in accordance with federal law had he intended to invoke such defense.

I cannot accept the explanation that misunderstanding existed as to who was to prepare the pleading, since the responsibility is clearly that of counsel of record.

In view of the fact that the defense of release was not presented by an appropriate pleading prior to the date of pretrial, counsel for plaintiff justifiably concluded that defendant did not intend to present said defense. This is especially

logical and sound when consideration is given to the unusual procedure by which it was obtained.

The Supreme Court of Pennsylvania has most articulately recognized the efficacy of the trial court's refusal to permit filing of an amended answer a considerable period after the pleadings are closed. In that instance nineteen months after service of the complaint defendant sought to propound the supplemental answer of the statute of limitations which, if valid, would have constituted a bar to the action. Such a denial is a proper exercise of the court's discretion especially where the sole excuse is inadvertence of counsel. Echon v. Pennsylvania R. Co., 365 Pa. 529, 76 A.2d 175.

It is my considered judgment that the attempt to file the proposed supplemental answer approximately sixteen months after the fact first became known to the parties, under the circumstances herein prevailing, goes beyond the great liberality afforded by the Federal Rules of Civil Procedure. Darcy v. North Atlantic & Gulf S.S. Co., supra; Blair v. United States, supra; Wheeler v. West India S.S. Co., 2 Cir., 205 F.2d 354; United States for Use and Benefit of Johnson v. Morley Const. Co., D.C., 11 F.Supp. 841; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 120 F.2d 959; Schick v. Finch, supra; Cyclopedia of Federal Procedure, 3rd Ed., Vol. 6, Section 18.06, page 126.

In spite of defendant's answer filed September 20, 1955, denying negligence on defendant's part, defendant at time of pre-trial conference reversed its position and admitted negligence on its part. With this true, the only question for jury trial, exclusive of the release question, is the amount of damages sustained by the plaintiff. I find it hard to accept the thesis that defendant, with its unusually adept and extensive investigative department, was not properly informed of its defense at time its answer was filed. Such complete reversal of position radi-cally shifting the burden of proof between the parties, undoubtedly worked a prejudice upon plaintiff, who at pre-trial was prepared to proceed upon defense as initially represented in defendant's answer.

Were this court to countenance such neglect and indifference in the pleadings of one party or the other, pleadings would become a mere sham and mockery rather than the vital representations upon which issues are unmasked and brought to the forefront in order that the judicial process might be given effect.

Knowledge by counsel for plaintiff of the fact that a release and settlement were negotiated as alleged certainly did not impart to him knowledge of the facts or circumstances under which the alleged release was obtained. So long as the document remained in the archives of the defendant, it would cause no concern to plaintiff until the defense arising therefrom was affirmatively pleaded. Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

Had the defense of release been put forward when it could and should have been, it would have been open to plaintiff to pursue at that time such discovery procedures as he considered appropriate, in order to develop the true state of facts. Discovery, including the remedy of depositions of persons concerned, if pursued at a reasonable point in the history of the alleged release could have gone far to develop whether this defense had been appropriately raised.

Furthermore, plaintiff has presently been prejudiced by defendant's attempt to assert an affirmative defense on the eve of trial. As an inevitable consequence of said belated pleading, the instant proceeding, originally scheduled for jury trial term commencing the week of February 4, 1957, has been held in abeyance until a subsequent trial date which is uncertain and indefinite.

I do not believe that defendant counsel's neglect and indifference, or the change in opinion or decision on the part of the Claim Department of the defendant, if either or both of said facts should be the reason for this belated pleading, could be excused or countenanced by reason of the defendant's retention of other counsel. It is to be noted that Vincent Casey, Esq., who has been replaced in this proceeding by present defense counsel, continues to represent defendant on numerous matters before this court. It so happens that defendant for reasons best known to it has requested other counsel to represent its interests in this proceeding. I would conclude, in this regard, that defendant, rather than having replaced Mr. Casey as defendant counsel, has enlarged upon its legal staff by acquiring the additional services of present defense counsel. Be that as it may, recognizing the vast reservoir of experience acquired by Mr. Casey and defendant's claim agent predicated on the multitude of actions litigated in the United States Court, I am satisfied that defendant, by its counsel and/or claim agent, was well aware of its duties to the court and plaintiff throughout this proceeding. To accept defense counsel's thesis of excusable neglect by virtue of retention of other counsel, would permit any defendant to be neglectful and indifferent to the responsibilities of the court, and by the simple expedient of securing other counsel, evade basic and elementary rules of justice and fair play.

I must, therefore, conclude that by reason of inexcusable neglect and indifference on the part of defendant resulting in serious and irreparable prejudice to the plaintiff, the belated supplemental answer should not have been permitted. In the exercise of my discretion, after most reflected and due consideration, I am of the belief that the order of this court allowing the filing of the supplemental answer should be revoked and rescinded.

An appropriate order is entered.