**Israel KLEE, Plaintiff,**

v.

**PITTSBURGH & WEST VIRGINIA RAILWAY COMPANY, a corporation, and the New York, Chicago & St. Louis Railroad Company, a corporation, Defendant.**

**Civ. A. 14781.**

United States District Court
W. D. Pennsylvania.
July 8, 1958.

Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Earl F. Reed, Jr., of Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant N. Y. Cent. & St. Louis R. R.

T. W. Pomeroy, Jr., and J. W. Poffinberger, Jr., of Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant Pgh. & W. Va. Ry. Co., a corp.

GOURLEY, Chief Judge.

In these actions directed against the Pittsburgh and West Virginia Railroad Company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and against the New York, Chicago and St. Louis Railroad Company (hereafter identified as Nickel Plate) based on negligence, Nickel Plate moves the court to dismiss the complaint as to it for lack of jurisdictional requirement of diversity of citizenship.

The motion to dismiss is predicated upon a belated motion to amend its answer denying the averment of diversity.

The accident occurred on March 9, 1956. Suit was filed on June 29, 1956 in which complaint averment was made that plaintiff was a citizen of Pennsylvania, and Nickel Plate was an Ohio corporation. Prior to filing its answer, Nickel Plate sought an order compelling plaintiff to enlarge and expand the allegations of negligence in the complaint, which was granted in part, and which amended complaint was filed on September 6, 1957. Whereupon Nickel Plate filed its answer on October 2, 1957, ad-

mitting that "plaintiff's action against it is a common law action based on diversity of citizenship."

Four days before the running of the two year statute of limitations in said action, at a belated time when for all practical purposes plaintiff would have no opportunity to file suit in the state court, after waiting almost two years, Nickel Plate served upon the plaintiff on March 5, 1958 Motion to Amend Answer denying jurisdiction.

Nickel Plate premises its motion to amend on the ground that it is a multistate corporation, being a citizen of both the State of Ohio and State of Pennsylvania, and that its citizenship in the State of Pennsylvania would serve as a bar to conferring jurisdiction upon the United States District Court in Pennsylvania for lack of diversity. Jacobson v. New York, New Haven & Hartford R. Co., 1 Cir., 206 F.2d 153, affirmed 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067.

It is noteworthy that this Circuit has ruled to the contrary in Gavin v. Hudson & Manhattan R. Co., 3 Cir., 185 F. 2d 104, 27 A.L.R.2d 739, but I am required to adhere to the directive of the Supreme Court of the United States.

Nevertheless, I am squarely confronted with the question of whether I should exercise my discretion in granting Nickel Plate the right to file an amended answer denying, for the first time, an averment of jurisdictional requirement, on the eve of the running of the statute of limitations, at which time, for all practical purposes plaintiff is rendered helpless to proceed in the state jurisdiction, almost two years after the complaint has been filed, after said defendant has admitted jurisdictional requirement based on diversity of citizenship in its original answer, giving further credence to its answer by filing interrogatories in requesting further clarification of negligence averments, and lulling plaintiff into the belief that jurisdiction as relates to diversity is not in dispute.

Well reasoned authorities indicate that the court's discretion under the circumstances which exist should be exercised, using as a basic or major factor all the facts and circumstances which underlie the petition for leave to file an amended answer.

■ I must approach the problem with the realization that the law in this Circuit indicates increasing latitude in the matter of supplemental pleadings, but consideration must also be given the fact that relief to be granted relative to supplemental pleadings is a discretionary matter depending to a great extent upon the facts and circumstances of each particular case. Hearst v. American Newspapers, Inc., D.C., 51 F.Supp. 171, 180; Bessemer Inv. Co. v. City of Chester, 3 Cir., 113 F.2d 571, 578; Bowles v. Biberman Bros., 3 Cir., 152 F.2d 700; Federal Telephone & Radio Corp. v. Associated Tel. & Tel. Co., D. C., 88 F.Supp. 375; United States v. L. D. Caulk Co., D.C., 114 F.Supp. 939; 1 Barron & Holtzoff Federal Practice and Procedure, Sec. 446.

■ The timeliness of motions to amend depends upon the facts of each case and the legal pantomime in getting the case to issue. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A. prescribed a liberal policy in granting leave to amend. Echevarria v. Texas Co., D.C., 31 F. Supp. 596; Rupe v. Associated Electric Co., D.C., 6 F.R.D. 309; Blair v. United States, 8 Cir., 147 F.2d 840; Wilson v. Lamberton, 3 Cir., 102 F.2d 506; Snyder v. Dravo Corp., D.C.W.D.Pa., 6 F.R.D. 546; McNaughton v. New York Central Railroad Co., 7 Cir., 220 F.2d 835.

■ Supplemental pleadings have frequently been regarded much the same as amended pleadings although, unlike an amended pleading which supersedes the original, a supplemental pleading adds to the original some matter occurring after the beginning of the action or after a responsive pleading has been filed. Magee v. McNany, D.C., 10 F.R.D. 5. Rule 15(a) of Federal Rules

of Civil Procedure, which governs amendment of pleadings by permission of the court provides that leave to amend "shall be freely given when justice so requires" and, by universally accepted principles, this provision too invokes the sound discretion of the court where amendments are pressed after ordinary pleading time has passed. Fli-Fab, Inc., v. United States, D.C., 16 F.R.D. 553; Hirshhorn v. Mine Safety Appliances Co., D.C., 101 F.Supp. 549, affirmed 3 Cir., 193 F.2d 489.

The prescription of a liberal policy toward amendment, however, does not mean the absence of all restraint. Were that the intention, leave of court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted. Shick v. Finch, D.C., 8 F.R.D. 639; Darcy v. North Atlantic & Gulf S.S. Co., D.C., 78 F.Supp. 662; Johnston v. Ouachita Nat. Bank of Monroe, La., 8 Cir., 40 F.2d 604; Cyclopedia of Federal Procedure, 3rd Ed., Vol. 6, page 126.

Because discretion is involved, it is evident that no single factor could be conclusive in every case on the question whether amendments or supplemental pleadings should be allowed, since exercise of discretion fundamentally depends upon a consideration of all circumstances presented in each individual case. However, in all of the decisions which have been examined the factors which have uniformly been treated as of significance are timeliness, excuse for delay and prejudice to the opposite party.

The Supreme Court of Pennsylvania has most articulately recognized the efficacy of the trial court's refusal to permit filing of an amended answer a considerable period after the pleadings are closed. In that instance nineteen months after service of the complaint defendant sought to propound the supplemental answer of the statute of limitations which, if valid, would have constituted a bar to the action. Such a denial is a proper exercise of the court's discretion. Echon v. Pennsylvania R. Co., 365 Pa. 529, 76 A.2d 175.

It would, in my judgment, constitute a monstrous injustice to permit, in effect, a defendant to change its citizenship immediately prior to the running of the statute of limitations and thus deprive the plaintiff of his cause of action.

It is my considered judgment that the attempt to file the proposed amended answer approximately two years after the fact of diversity was admitted by Nickel Plate, under the circumstances herein prevailing, goes beyond the great liberality afforded by the Federal Rules of Civil Procedure. Darcy v. North Atlantic & Gulf S.S. Co., supra; Blair v. United States, supra; Wheeler v. West India S.S. Co., 2 Cir., 205 F.2d 354; United States, for Use and Benefit of Johnson v. Morley Const. Co., D.C., 11 F.Supp. 841; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 120 F.2d 959; Shick v. Finch, supra; Cyclopedia of Federal Procedure, 3rd Ed., Vol. 6, Section 18.06, page 126.

I shall, therefore, direct that motion of Nickel Plate to amend its answer denying diversity of citizenship be refused and that motion to dismiss be refused.

An appropriate Order is entered.