**Daniel B. ALTMAN, Trustee in Bankruptcy of Oxford Metal Spinning Co., Inc.**

v.

**GENERAL ELECTRIC COMPANY.**

Civ. A. No. 24645.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1962.

---

Edwin P. Rome of Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiff.

Francis Hopkinson of Drinker, Biddle & Reath, Philadelphia, Pa., for defendant.

BODY, District Judge.

This case involves the alleged misappropriation of a design idea for a rotary type light switch. Defendant denies any unlawful appropriation, alleges that a contract controls the case, and maintains that no confidential relationship existed at any time.

The alleged contract upon which defendant relies contains a provision allowing defendant the right to certain "submitted ideas" for one thousand dollars ($1,000.00). Defendant contends that under this agreement it may obtain the idea in suit for one thousand dollars ($1,000.00). In furtherance of this contention defendant tendered on May 29, 1962 one thousand dollars ($1,000.00) in payment pursuant to the alleged contract. Now amendment of the answer is sought in order to include this tender.

Plaintiff asserts that Rule 15(d) F.R.Civ.P. requires reasonable notice before facts occurring subsequent to the filing of an original pleading may be included in a supplemental pleading. Both parties agree that this is the rule and that the Court may allow or forbid the supplemental pleading in its discretion.

The problem here is only whether the plaintiff will be prejudiced by delay. Plaintiff points out that the date of execution of the alleged contract was March 1, 1954, that the complaint was filed early in 1958, and that the answer was filed on June 23, 1958. It is argued from this that pleading the tender made on May 29, 1962 is prejudicial because of the delay in notification to plaintiff of the substance of the defense.

Garrison v. Baltimore & Ohio Railroad Company, 20 F.R.D. 190 (W.D.Pa.1957), and other cases cited by plaintiff, holds that transactions occurring after the filing of original pleadings may be pleaded supplementally only when the time between the occurrence and the motion to amend is short enough so no prejudice can result. While this rule is sound, plaintiff overlooks the point that the tender here did in fact occur only a few months before the motion of defendant was filed. This delay was not unreasonable.

The mere fact defendant waited until recently to tender the money does not prejudice plaintiff, who had notice of the agreement and its terms. If the agreement of March 1, 1954 is invalid or does not affect the substance of plaintiff's case, the plaintiff will be able to so show at trial. If, on the other hand, the agreement is a valid contract and the defendant is able to establish its right to the idea in suit for one thousand dollars ($1,000.00), then not allowing the amendment would be to deny justice.

ORDER

AND NOW, December 28, 1962, IT IS ORDERED that the motion of defendant, General Electric Company, for leave to

file an amended answer be, and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff shall have, and is hereby given leave to file a reply to defendant's amended answer.

IT IS FURTHER ORDERED that defendant's amended answer shall be filed on or before twenty days from the date of this Order, and plaintiff's reply shall be filed, if at all, within twenty days thereafter.